377 So.2d 346 (1979)
GENERAL MOTORS ACCEPTANCE CORPORATION
v.
Donald J. DANIELS.
No. 64696.
Supreme Court of Louisiana.
November 21, 1979.
*347 Teddy W. Airhart, Jr., Airhart & Copenhaver, Baton Rouge, for defendant-respondent.
E. Wade Shows, Adcock, Dupree & Shows, Baton Rouge, for plaintiff-applicant.
CALOGERO, Justice.[*]
The issue presented in this case is whether a purchaser of an automobile who ceases payment on the note and institutes an action in redhibition may enjoin the seizure and sale of the vehicle in a foreclosure suit by the holder of the note by simply alleging that the vehicle is possessed of redhibitory vices and that an action in redhibition is pending in another district court.
The case arose when in May of 1977 Donald J. Daniels purchased a new Chevrolet Chevette automobile from Lamar-Lane Chevrolet, Inc. of Gonzales, Louisiana. General Motors Acceptance Corporation acquired Daniels' promissory note and the accessory chattel mortgage on the vehicle. Displeased with the performance of the vehicle, Daniels failed to make the monthly payment in October, 1977 and each of the subsequent payments. In February of 1978 GMAC filed a petition for executory process in the Nineteenth Judicial District Court for the Parish of East Baton Rouge seeking the seizure and sale of the vehicle in satisfaction of the balance due on Daniels' promissory note. An order then issued directing the Sheriff of Ascension Parish to seize and sell the vehicle. Sometime before GMAC instituted the foreclosure proceedings, however, Daniels had filed an action in redhibition in the Twenty-Third Judicial District for the Parish of Ascension seeking rescission of the sale and return of the purchase price, with Lamar-Lane Chevrolet and General Motors Corporation as defendants. GMAC was not made a defendant in that proceeding.
On March 1, 1978 Daniels filed in the East Baton Rouge Parish executory proceeding a petition for a preliminary injunction seeking to enjoin the earlier ordered sale of the automobile. On March 10th rule for preliminary injunction was heard and, without taking evidence, and only upon Daniels' allegation that the vehicle was possessed of redhibitory vices and that there was pending in Ascension Parish an action in redhibition, the East Baton Rouge court granted the preliminary injunction. On September 29, 1978 a written judgment to this effect was signed, the rule made absolute, and Daniels ordered to post a $150 bond. Although the district court did not assign either written or oral reasons for judgment, it appears from the arguments of the parties that the court granted the injunction on the basis of a Federal Trade Commission Regulation which provides that the holder of a consumer credit contract is subject to all claims and defenses which the debtor may assert against the seller of the goods.[1]
On appeal the First Circuit affirmed the trial court's judgment, rejecting one of GMAC's arguments to the effect that the purchaser had contractually waived his right to bring an action in redhibition by the language in the sales contract expressly waiving any express or implied warranties. That court concluded that the purchaser's waiver of warranty had not been established because no evidence had been presented that the waiver had been brought to the attention of the purchaser.[2] The *348 Court of Appeal also relied upon language in Coco v. Mack Truck, 235 La. 1095, 106 So.2d 691 (1958) to find that enjoining the seizure and sale of a vehicle by the creditor is a proper remedy when that vehicle is the subject of an action in redhibition.
We granted writs to determine whether the lower courts erred. GMAC v. Daniels, 371 So.2d 1338 (La.1979). We now conclude, without reaching the issue of whether the purchaser waived his express or implied warranties, that they did so err. We therefore reverse the judgments and remand the case to the district court.
Under Article 2642 of the Code of Civil Procedure, a defense or procedural objection to an executory proceeding may be asserted through an injunction proceeding to arrest the seizure or sale as provided by Articles 2751 through 2754. Article 2752 provides that the injunction proceeding to arrest a seizure sale shall be governed by Articles 3601 through 3609 and 3612, except as provided in Article 2753.[3] The procedure to enjoin an executory proceeding is, therefore, governed by the general civil procedure articles relative to injunction, Articles 3601 through 3609.
Under Article 3609 a court may hear an application for a preliminary injunction upon verified pleading or supporting affidavits or may take proof as in ordinary cases. However, if the court is to hear the application upon affidavits, the court shall so order in writing and the defendant shall be served notice of this at the time the notice of the hearing is served. In this case no such procedure for limiting proof to affidavits was followed.
To obtain a preliminary injunction under Article 3601 the moving party must show that the injury, loss or damage he will suffer may be irreparable if the injunction does not issue. He must of course show that he is entitled to the relief sought and must make a prima facie showing that he will prevail on the merits of the case. Price v. State, Department of Public Safety, License Control and Driver Improvement Division, 325 So.2d 759 (La.App. 1st Cir. 1976); Melancon v. Assumption Parish Police Jury, 231 So.2d 690 (La.App. 1st Cir. 1970).
In this case the defendant made no showing that he was entitled to an injunction. In his petition for injunction he merely alleged that his vehicle was possessed of redhibitory defects and that there was pending an action in redhibition. The only evidence introduced at the hearing was a copy of the sale and chattel mortgage. Daniels introduced no evidence to indicate that he would be entitled to a rescission of the sale because of the vehicle's defects nor did he even allege the extent and nature of the vehicle's alleged redhibitory vices. It was the defendant's burden to prove as in an ordinary case that he was entitled to a preliminary injunction by showing with at least a prima facie case that he would win on the merits. Because he had not yet so proven, in either proceeding, he was not entitled to the preliminary injunction.
Respondent's reliance on Coco v. Mack Truck, supra, is not well-placed. In that case this Court did state that "[t]hese authorities declare that, since rescission for redhibitory vices operates as an extinguishment of an obligation for failure of consideration, an aggrieved party is entitled to arrest a seizure and sale by prosecution of a *349 redhibitory action." However in that case the party seeking the injunction in the executory proceedings introduced extensive evidence in proof of the redhibitory defects. That is not the case here where respondent merely alleged without supporting evidence that his vehicle was possessed of redhibitory vices. The language in Coco upon which he relied is therefore inapposite.
Furthermore respondent gets no help from the Federal Trade Commission regulations upon which he relies. Before the enactment of the FTC holder-in-due-course rule (16 CFR 433, supra) a debtor could not assert an action in redhibition as the basis to enjoin executory proceedings instituted by a good faith creditor or a holder in due course. See Ford Motor Credit Company v. Williams, 225 So.2d 717 (La.App. 1st Cir. 1969) in which the court held that only if a holder had actual knowledge of a defect creating a defense would he be precluded from being a holder in due course and therefore subject to the defense of a failure of consideration (because of the redhibitory defect). Only when a court has found a sufficient connection between a seller and a lender to impute knowledge of a defect to the creditor or to find bad faith on the creditor's part, did the court permit defenses to be asserted against one who would otherwise be a holder in due course. See e. g., C.I.T. Corporation v. Emmons, 197 So. 662 (La.App. 2d Cir. 1940).
The FTC rule protects the debtor from unscrupulous sellers and prevents financing of consumer transactions in such a way that the consumer is legally obligated to make full payment to a creditor despite breach of warranty, misrepresentation, or even fraud on the part of the seller. The consumer is protected by the notice on the credit contract which makes the holder of the paper subject to all the claims and defenses which the debtor may assert against the seller of the goods.
Although the FTC rule places the creditor in the shoes of the vendor with respect to the purchaser/debtor it does not afford the purchaser/debtor any greater procedural rights than are generally afforded him by state law. All that rule is designed to accomplish is to allow the purchaser, as in this case, to oppose GMAC's foreclosure as though GMAC were in fact Lamar-Lane, the seller of the vehicle. As the Staff Guidelines to the Federal Trade Commission Regulation Rules indicate, we must look to state law for the procedural rights of the consumer in such a case:
"It is also important to note that the Rule does not create new rights or defenses. The words `Claims and Defenses' which must appear in the Notice are not given any special definition by the Commission. The phrase simply incorporates those things which, as a matter of other applicable law, constitute legally sufficient claims and defenses in a sales transaction. Appropriate statutes, decisions, and rules in each jurisdiction will control, and the pertinent rules of law and equity, including rules of evidence, procedure, and statutes of limitations, will continue to apply." Federal Trade Commission, Staff Guidelines on Trade Regulation Rule Concerning Preservation of Consumer's Claims and Defenses, Bureau of Consumer Protection, May 4, 1976, p. 429.
Because respondent's right to defend against GMAC's claim, including his right to enjoin the executory proceeding, must be governed by Louisiana procedural rules, we find that he can not secure a preliminary injunction merely upon allegations that his vehicle is possessed of redhibitory defects and that there is pending in another district court an action to rescind the sale because of such. He must in accordance with Articles 3601 through 3609 make at least a prima facie showing that he has a meritorious action in redhibition.

Decree
Accordingly, the judgments of the trial court and the Court of Appeal are reversed; the judgment granting a preliminary injunction is set aside and the case is remanded to the district court.
REVERSED; REMANDED TO DISTRICT COURT.
NOTES
[*] Chief Judge Paul B. Landry, Retired, is sitting by Assignment as Associate Justice Ad Hoc in place of Tate, J. upon this case.
[1] 16 C.F.R. 433.1 provides that the following notice must appear in the text of any consumer credit contract:

"NOTICE
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."
[2] The Court of Appeal relied on Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La. App. 2nd Cir. 1976) to find that three elements must exist before a waiver of warranty can be found: the waiver must be written in clear unambiguous language; it must be contained in the chattel mortgage document; it must be either brought to the attention of the purchaser or explained to him.
[3] Article 2753 lists the grounds upon which a temporary restraining order or preliminary injunction to arrest a seizure and sale may be secured without the applicant's having to furnish security. By Act 92 of 1979, Article 2753 was amended to provide that "a claim or action in redhibition shall not be grounds for the issuance of a temporary restraining order or a preliminary injunction to arrest a seizure or sale, without security as provided by law." This amendment was apparently designed to overrule legislatively a series of cases which had held that a suit to rescind a sale because of a failure of consideration was one of the instances in which furnishing security is not required in connection with a petition to arrest a seizure and sale. See Phillips v. W. T. Adams Mack Co., 52 La.Ann. 442, 27 So. 65 (1900).