1 ] JONES, Judge.
Appellant, Leslie Robinson, Jr. appeals a judgment of the trial court granting his former wife’s request for a preliminary injunction enjoining him from alienating “any benefit payments from the U.S. Civil Service Retirement System received by him or to be paid to him in the future.”

FACTS

In February, 1986, appellee June Coleman Robinson filed for a separation from bed and board from the appellant, Leslie Leon Robinson, Jr. alleging that he had abandoned her and refused to return to the matrimonial domicile on or about January 7, 1986. Appellant accepted service on February 21, 1986 and a preliminary default was taken on March 13, 1986. A judgment granting the petition for separation and granting alimony pendente lite per terms the parties had agreed to was signed on March 26, 1986.
In December, 1986 appellant filed a petition for divorce alleging he was domiciled in North Carolina and that he was entitled to an absolute divorce pursuant to the provisions of La.R.S. 9:302. Appellant reserved his right Repartition the community formerly existing between the parties. In March, 1987 a preliminary default was entered against appellee in the divorce matter. However, appellant never finalized the divorce proceedings in Louisiana. Instead in July, 1987 a judgment of divorce was rendered by a North Carolina court. Appellee did not make an appearance in those divorce proceedings. In August, 1987 the parties executed a conventional agreement entitled “Separation, Support, and Property Settlement Agreement”. This agreement was signed by the parties and acknowledged by William Rittenberg, appellee’s original attorney in the separation action.
In January, 1994, appellee filed a petition for supplemental partition alleging that appellant was domiciled in the State of Tennessee. According to appellee, appellant was a federal civil service employee and had acquired pension rights which were community or marital property. Appellant had now retired and was receiving pension benefits. According to appellee the parties failed to partition the retirement benefits in the property settlement agreement, yet, pursuant to the alimony provisions, appellee alleged the appellant “agreed to choose Option B of the government retirement plan providing for petitioner to receive retirement checks in the event of his demise.” Appellee also argues that the failure to include said retirement benefits in the property settlement agreement was a mere omission.
Appellee prayed for judgment in her favor ordering a partition of the government pension and retirement benefits of appellant, an order for appellant to pay appellee that portion of all future benefits found to be due, an accounting of all benefits already received, and if appropriate orders to the administrator of the pension plan ordering all benefits found to be due to be paid directly to appel-lee. In response to appellee’s petition, appellant filed exceptions of lis pendens and lack of jurisdiction.
| sAppellee next filed a motion for preliminary injunction noting that she had filed an action for a supplemental partition of the appellant’s retirement benefits, that such property was community or marital property and he was receiving benefits without paying over any portion to her, that he was in a position to waste or dispose of the benefits, thus it was necessary that a preliminary injunction issue, without bond enjoining and *1089 restraining appellant from withdrawing, encumbering or alienating the payment. Included at the bottom of the petition was a notation that “IT IS ORDERED by the court that Leslie L. Robinson, Jr. do show cause on the 19th day of September, 1994, at 9:00 a.m. why a preliminary injunction should not issue herein, without bond, enjoining and restraining defendant, his agents, servants and/or employees from selling, concealing, alienating, withdrawing or encumbering any benefit payments from the U.S. Civil Service Retirement System received by him or to be paid to him in the future.”
Appellee sought an order directing appellant to pay over to her that portion of all future benefits found to be due and an accounting for and payment of portions of all benefits already received by appellant together with legal interest, plus, if appropriate, orders to the administrator of the appellant’s government pension plan ordering all benefits found to be due to be paid directly to appellee.
According to appellant, the trial court never held a hearing on the appellee’s motion for preliminary injunction. Instead, the court held a pre-trial conference on September 19, 1994 and on October 19, 1994 issued a judgment denying appellant’s exceptions. In that same judgment, the court granted the appel-lee’s motion for preliminary injunction and enjoined the appellant from “selling, concealing, alienating, withdrawing or encumbering any benefit payments from the U.S. Civil Service Retirement System received by him or to be paid to him in the future.” The judgment issued by the court seems to indicate that the trial court considered the pretrial conference the hearing on the motion for a preliminary | ¿injunction in that the judgment issued by the court on October 19, 1994 provides in relevant part as follows:
This matter was set for hearing on September 19, 199Ip on Leslie Leon Robinson’s Exceptions of Lack of Personal Jurisdiction, Lis Pendens and Unauthorized Use of Summary Proceedings and June Coleman’s Motion for Preliminary Injunction. A pretrial conference was held and both counsel were ordered to submit memoranda.
Upon receipt of the judgment, appellant timely filed this appeal and requested a stay of proceedings. The trial court signed an order granting an appeal and suspending the preliminary injunction during the pendency of the appeal, conditioned upon appellant furnishing a security in the amount of $1,000.

DISCUSSION AND LAW

In the first assignment of error, appellant argues that the trial court erred in granting a preliminary injunction without holding a hearing as required by La.C.C.P. art. 3601 et seq. Assuming arguendo that a hearing is required, the second issue for review is whether the September 19th pre-trial conference was a hearing.
La.C.C.P. art. 3602 provides:
A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing.
La.C.C.P. art. 3609 provides in relevant part:
The court may hear an application for a preliminary injunction ... upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.
|5In Kilbourne v. Hunt, 276 So.2d 742 (La. App. 2nd Cir.1973) the court found that where no order is issued by the trial judge stating that the application for a preliminary injunction is to be heard on affidavits, the hearing must be on proof as in ordinary cases.
Appellee argues that she sought injunctive relief under the special injunction articles provided for in divorce proceedings and that the article relied upon by appellant are found in the general injunction articles which she claims “are not strictly applicable to the facts of this case.” Nothing in the special injunction articles says that the general injunction provisions are not applicable to divorce proceedings. In fact, the only thing the special provisions seems to do is to remove the need for proving irreparable injury and or posting a bond.
*1090 In the instant case, the record contains no documents to support a finding that the judge issued an order that the injunction would be heard on affidavits. Nor is there a transcript of the conversation at the pre-trial conference to let us know if the appellant waived a hearing or indicated that one was not needed. For this reason, unless the pretrial conference can be considered a hearing, the trial court erred by ruling on the request for a preliminary injunction without holding a hearing.
Appellee argues that the pre-trial conference held in chambers was a hearing wherein all parties were given an opportunity to be heard, and that since appellant failed to request a hearing in open court, the judgment must be presumed to be correct and supported by sufficient competent evidence.
Appellee argues that pursuant to Edisen v. Edisen, 236 So.2d 528 (La.App. 4th Cir.1970) the required hearing may be held in chambers pursuant to La.C.C.P. art. 2595 and that in the instant case this was what happened. Appellee asserts that a hearing was scheduled and noticed and both attorneys appeared and the matter was argued in chambers. At that time, she argues a hearing in open 16court was not demanded by the appellant, nor was a motion for a new trial filed and there is no transcript of testimony nor any narrative or facts agreed to by the parties or made by the trial judge. For this reason, she avers, the judgment of the trial court is presumed to be correct and supported by sufficient competent evidence.
Appellee’s reliance upon Edisen v. Edisen is misplaced. Edisen v. Edisen was a child custody case wherein the court held that the district court did not abuse its discretion by taking custody of the minors in loco parentis from the divorced mom who had been awarded custody by divorce decree. The facts of that case were different from the facts of this case and involved the type of situation wherein a hearing is customarily held in chambers for obvious reasons. Moreover, it is not clear that the hearing in Edisen v. Edisen, even though not transcribed, was not in fact an evidentiary hearing.
Further, as to the argument made in the instant case that the conference held in chambers was a hearing, it would appear that if the ease was to be decided strictly on oral argument and the pleadings and/or affidavits, the court under La.C.C.P. art 3609 should have informed all parties of this fact. Since the court did not give the appellant advance notice of the fact that the appellee would be allowed to present her case based on the pleadings, it would not be reasonable to place the burden of requesting a hearing in open court upon appellant.
In the second assignment of error appellant argues the trial court erred in granting a preliminary injunction, where there were insufficient grounds to justify granting the injunction.
This assignment of error has merit. Rarely should a preliminary injunction be granted solely on the pleadings when the matter of intent is at issue. In the petition for a supplemental partition, appellee alleged that the failure to include specific provisions for retirement benefits in the property settlement agreement 17which the parties had previously executed was a “mere omission.” Arguably, the agreement could very well be read to include provisions for retirement benefits in that the agreement specifically requires the defendant to choose Option B of the government retirement plan providing for appellee to receive retirement checks in the event of appellant’s demise. However, assuming that appellee is correct in that the agreement does not reflect the intent of the parties, an evidentiary hearing of some sort would be needed to make a determination of the intent of the parties.
In view of the fact that we have concluded that the judgment must be reversed for failure to have a hearing, discussion of appellee’s final assignment of error is pretermitted.
For the reasons previously given, the judgment of the trial court granting a preliminary injunction is reversed. The case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

REVERSED AND REMANDED.

ARMSTRONG, J., concurs with reasons.