11 JOHNSON, Justice,
concurring.
Plaintiffs, the Alliance for Affordable Energy and Gary L. Groesh, filed suit in Civil District Court requesting a preliminary injunction and a permanent injunction which sought to enjoin defendants from executing service contracts pursuant to Rule 45 which plaintiffs alleged were unauthorized by Section 6-308(5) of the Home Rule Charter.
Even if these plaintiffs would have standing to sue (and I disagree with the majority opinion that finds standing), to obtain a preliminary injunction, the movers must prove that they will suffer irreparable injury, loss, or damage, that the movers are entitled to the relief sought as a matter of law, and the movers must make a prima facie showing that they will prevail on the merits. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979); La.Code Civ.P. arts. 3601-02.
Here, the trial judge denied plaintiffs’ request for a preliminary injunction and the court of appeal denied writs. In seeking relief from this court, plaintiffs requested a stay which this court granted on April 25, 1996.[1] In effect, plaintiffs temporarily secured the sought after relief which they were not entitled to obtain; that is, defendants were not permitted to execute the contracts at issue. Plaintiffs were successful in obtaining the stay on mere allegations which were rejected by the trial judge after a hearing. Moreover, plaintiffs obtained the stay without any |2showing of potential irreparable harm or that they would be successful on the merits. On the other hand, defendants were precluded from executing contracts which potentially interrupted the continued work on numerous projects, pending the determination of the legality of Rule 45. This interruption of the activities of a governmental agency should not be countenanced absent the required showing by the mover requesting the relief.

. Justices Calogero, Watson, and Johnson voted to lift the stay “[u]nless and until this court were to decide that Council Rule 45 violated the City’s Home Rule Charter, [and] ... would permit the enforcement of Rule 45.