# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1077

**DEROUEN'S HEAVY EQUIPMENT, INC.**

**VERSUS**

**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20082189
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED AND REMANDED.**

L. Katherine A Theunissen
Mahtook & Lafleur
P. O. Box 3089
Lafayette, LA 70502
(337) 266-2189
Counsel for Defendant-Appellee:
  Lafayette City-Parish Consolidated Government

Timothy J. Poche
Margaret Grace Patton
Taylor,Porter, Brooks, & Phillips L.L.P
P. O. Box 2471
Baton Rouge, LA 70801
(225) 387-3221
Counsel for Plaintiff-Appellant:
  Derouen's Heavy Equipment, Inc.

**PICKETT, Judge.**

The plaintiff-appellant, Derouen's Heavy Equipment, Inc. (Derouen), appeals a judgment of the trial court denying its Rule for Preliminary Injunction against the Lafayette City-Parish Consolidated Government.

## STATEMENT OF THE CASE

Derouen owns land in unincorporated Lafayette Parish. Originally used as a dirt pit, Derouen secured a permit from the Louisiana Department of Environmental Quality (DEQ) in 2003 to operate a Type III construction and demolition debris landfill, and began landfill operations in 2004.

In February 2008, the Lafayette City-Parish Planning, Zoning, and Code Department began a review to determine whether Lafayette City-Parish Ordinance No. 059-93 (the ordinance) is applicable to the Derouen facility. The ordinance establishes greenbelt and buffer requirements for certain types of business activities, including landfills, dumping pits, and disposal facilities, and provides for sanctions for failure to comply with these requirements. The city-parish determined that the Derouen facility must comply with the greenbelt and buffer requirements for a landfill and that they were not in compliance. Derouen ceased landfill operations at the facility and filed a Petition for Declaratory Judgment, Preliminary and Permanent Injunction.

In its petition, Derouen alleges that the ordinance is unconstitutionally vague and violates its right to equal protection under the law. Derouen argues that the ordinance is impermissibly vague because it establishes different greenbelt and buffer zone requirements for landfills and disposal facilities, and its facility can be classified as either according to the ordinance. Derouen also argues that the same language

1

allows the city-parish to apply different requirements to similar facilities based on a whim. Finally, Derouen argues that the ordinance impermissibly imposes stricter greenbelt and buffer zone requirements on landfills than it does on dumping pits.

On May 19, 2008, the trial court held a hearing on Derouen's request for a preliminary injunction. The trial court filed a minute entry on May 21, 2008, which stated, in pertinent part:

> After consideration of the stipulation of facts, the evidence presented and the arguments of counsel, I do not find the ordinance to be unconstitutional. Regardless, there is no irreparable harm, and the request for a Preliminary Injunction is hereby denied at mover's cost.

The trial court signed a judgment denying the preliminary injunction on June 16, 2008. Derouen now appeals that judgment.

## ASSIGNMENTS OF ERROR

Derouen asserts three assignments of error:

1.  The District Court erred in concluding that the Lafayette City-Parish Ordinance No. 059-93 is not unconstitutionally vague.

2.  The District Court erred in concluding that Lafayette City-Parish Ordinance No. 059-93 does not violate Derouen's right to equal protection under the law.

3.  The District Court erred in concluding that Derouen's failed to demonstrate irreparable harm.

## DISCUSSION

In order to obtain a preliminary injunction, a petitioner must show that he will suffer irreparable harm, he is entitled to the relief sought, and he must making a *prima facie* showing that he will prevail on the merits of the case. *General Motors Acceptance Corp. v. Daniels*, 377 So.2d 346 (La.1979). An irreparable loss is one that cannot be compensated by money or is not susceptible of measurement by pecuniary standards. *Hairford v. Perkins*, 520 So.2d 1053 (La.App. 3 Cir.1987).

"Trial courts have 'great discretion' in determining whether to grant or deny a preliminary injunction." *Pumpelly Oil, Inc. v. Ribbeck Const. Corp.*, 02-868, p. 6 (La.App. 3 Cir. 2/5/03), 838 So.2d 88, 92. On appeal, the issuance or denial of a preliminary injunction will be reversed only if the trial court abused its discretion. *Concerned Citizens of Rapides Parish v. Hardy*, 397 So.2d 1063 (La.App. 3 Cir. 1981).

In its third assignment of error, Derouen argues that the trial court erred when it found that Derouen failed to show it would suffer irreparable harm if the preliminary injunction did not issue. Derouen voluntarily ceased landfill operations before this suit was filed because it knew it was in violation of the ordinances. Derouen alleges it will suffer irreparable injury if it resumes operations and the city-parish enforces the ordinance by imposing fines and/or jail time.

A court should not grant a preliminary injunction when criminal action is threatened "unless the plaintiff shows with reasonable certainty that (1) the statute is manifestly unconstitutional, (2) irreparable injury is threatened, and (3) existing property rights will be destroyed by enforcement." *Knights of Columbus, Chapter No. 2409 v. Louisiana Department of Public Safety & Corrections, Division of State Police*, 548 So.2d 936, 938 (La.1989). In the instant case, Derouen has failed to prove that the city-parish threatened any irreparable injury. Because a showing of irreparable harm is necessary to prove entitlement to a preliminary injunction, and Derouen has failed to meet that burden, we find no abuse of discretion in the trial court's denial of the preliminary injunction.

Further, we find that Derouen has failed to exhaust its administrative remedies. Derouen secured a permit from the state to operate a landfill in 2003. They are

3

presumed to know that the ordinance, passed in 1993, applied to the landfill. In fact, the record shows that they received a letter indicating that their dirt pit operations were exempt from the ordinance soon after the ordinance was enacted. While completing the process to get a permit from DEQ, Derouen never took any steps to ensure compliance with the ordinance, or seek a waiver from those parts of the ordinance they found burdensome by petitioning the city-parish for a waiver or variance.

We pretermit discussion of the remaining assignments of error. We find the trial court did not abuse its great discretion in denying the preliminary injunction. The judgment of the trial court is affirmed, and the case is remanded for further proceedings. Costs of this appeal are assessed to Derouen's Heavy Equipment, Inc.

**AFFIRMED AND REMANDED.**