STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1228

ADVANCED LOGISTICS, LLC

VERSUS

JENNIFER COMEAUX, BRAD BREWER,
RYAN FITZGERALD, AND NECESSA
SOLUTIONS, LLC

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2011-2094-C
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

JAMES T. GENOVESE
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Steven G. Durio
Joseph F. Durio
Travis J. Broussard
Durio, McGoffin, Stagg & Ackermann
220 Heymann Boulevard
Post Office Box 51308
Lafayette, Louisiana 70505-1308
(337) 233-0300
Counsel for Defendants/Appellants:
      Jennifer Comeaux, Brad Brewer,
      Ryan Fitzgerald, & NecesSea Solutions, LLC
      (formerly known as Necessa Solutions, LLC)

**Bradford H. Felder**
**G. Andrew Veazey**
**HUVAL, VEAZEY, FELDER & RENEGAR, L.L.C.**
**2 Flagg Place**
**Lafayette, Louisiana 70508**
**(337) 234-5350**
**Counsel for Plaintiff/Appellee:**
     **Advanced Logistics, LLC**

**GENOVESE, Judge.**

In this trade secrets case, Defendants, Jennifer Comeaux, Brad Brewer, Ryan Fitzgerald, and Necessa Solutions, LLC,[1] appeal the trial court's grant of a preliminary injunction in favor of Plaintiff, Advanced Logistics, LLC. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2011, Advanced Logistics, LLC, filed a Petition for Injunctive Relief and for Damages for Unfair Trade Practices against Jennifer Comeaux, Brad Brewer, Ryan Fitzgerald, and Necessa Solutions, LLC. According to its petition, "[o]n Friday, March 25, 2010, Defendant, Ryan Fitzgerald, gave notice of his resignation from Advanced Logistics. After giving his notice, Mr. Fitzgerald removed equipment belonging to Advanced Logistics[,] including computers containing Advanced Logistics' proprietary information and trade secrets." Sometime thereafter, Advanced Logistics learned that Mr. Fitzgerald was going to work for a newly-formed business competitor, Necessa Solutions, LLC. On April 11, 2011, the President and CEO of Advanced Logistics, Jeffery Svendson, Sr., questioned Mr. Fitzgerald about the equipment that he was observed removing from Advanced Logistics' property. Advanced Logistics' petition also alleged:

> Mr. Fitzgerald admitted he removed the equipment, proprietary information, and trade secrets from Advanced Logistics' offices.
>
> . . . .
>
> Mr. Fitzgerald also admitted that he had been solicited by a former employee of Advanced Logistics, Brad Brewer, to leave Advanced Logistics and begin working for a company owned by Brad Brewer and Jennifer Comeaux called Necessa Solutions, LLC.

---

[1]We note that in Appellants' brief, Necessa Solutions, LLC, is referred to as NecesSea, LLC, and that the trial court judgment rendered in this case refers to NecesSea, LLC, f/k/a Necessa Solutions, LLC. For the sake of clarity, we will refer to these entitites as Necessa Solutions, LLC, throughout this opinion.

Defendants filed an Answer and Reconventional Demand denying "that equipment, proprietary information, and trade secrets were taken by [Mr. Fitzgerald]." However, Defendants admitted that it was their intention to "compete with [Advanced Logistics], with an entirely different and superior product." Defendants' reconventional demand requested damages on the basis that Advanced Logistics' claim was "groundless and brought in bad faith or for purposes of harassment[.]"

A hearing on the motion for preliminary injunction against Defendants was held, and the trial court issued Written Reasons for Judgment wherein it found that Advanced Logistics was entitled to a preliminary injunction against Defendants. The trial court then signed a judgment "enjoining Defendants from using any confidential proprietary information or trade secrets of Advanced Logistics . . . and ordering the [D]efendants to return within two (2) days hereof any equipment, confidential proprietary information, or trade secrets belonging to Advanced Logistics, which is in the [D]efendants' possession or control." Defendants appeal, and we affirm.

## ASSIGNMENTS OF ERROR

On appeal, Defendants assert:

The trial court abused its discretion in the following specific ways:

1.  The Court Abused Its Discretion In Issuing A Preliminary Injunction When The Plaintiff Failed To Establish A Prima Facie Case For An Injunction. . . .

    a.  The plaintiff failed to prove Defendants possessed information of the plaintiff which constitutes a trade secret.

    b.  The trial court did not balance the hardship to each party if the injunction is issued or not issued.

2.  The Trial Court Abused Its Discretion In Failing To Require Plaintiff To Prove Its Case By A Preponderance Of The

2

Evidence When Plaintiff Requested An Injunction Ordering The Return Of Its Property. . . .

## LAW AND DISCUSSION

In order to obtain a preliminary injunction, a petitioner must show that he will suffer irreparable harm, he is entitled to the relief sought, and he must [make] a *prima facie* showing that he will prevail on the merits of the case. *General Motors Acceptance Corp. v. Daniels*, 377 So.2d 346 (La.1979). An irreparable loss is one that cannot be compensated by money or is not susceptible of measurement by pecuniary standards. *Hairford v. Perkins*, 520 So.2d 1053 (La.App. 3 Cir.1987). "Trial courts have 'great discretion' in determining whether to grant or deny a preliminary injunction." *Pumpelly Oil, Inc. v. Ribbeck Const. Corp.*, 02-868, p. 6 (La.App. 3 Cir. 2/5/03), 838 So.2d 88, 92.

*Derouen's Heavy Equip., Inc. v. Lafayette City-Parish Consol. Gov't*, 08-1077, pp. 2-3 (La.App. 3 Cir. 3/4/09), 7 So.3d 48, 50-51. "The issuance of a preliminary injunction will not be disturbed on appeal absent an abuse of discretion. *Smith* [*v. W. Va. Oil & Gas Co.*], 373 So.2d 488 [(La.1979)]." *Gautreau v. Trahan*, 07-875, p. 10 (La.App. 3 Cir. 12/5/07), 971 So.2d 445, 451.

The evidence adduced at the hearing of this matter established that Defendants were former employees or owners of Advanced Logistics. The trial court, in its Written Reasons for Judgment, expressed its belief in the contention of Advanced Logistics that Defendants "took active steps to misappropriate software, materials, and industry knowledge that meet the definition of 'trade secret' under La.R.S. 51:1431(4)."

Louisiana Revised Statutes 51:1431(4) of the Louisiana Uniform Trade Secrets Act (LUTSA), defines a "trade secret" as:

information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(a)    derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

3

(b)     is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Lousiana Revised Statutes 51:1431(2), provides that "misappropriation" means:

(a) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means;  or

(b) disclosure or use of a trade secret of another without express or implied consent by a person who:

(i)     used improper means to acquire knowledge of the trade secret;  or

(ii)    at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:

(aa) derived from or through a person who had utilized improper means to acquire it;

(bb) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;  or

(cc) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use;  or

(iii)   before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

The trial court determined that the misappropriation of Advanced Logistics' trade secrets by Defendants "may create a substantial threat of irreparable injury." The trial court futher declared that "the injunctive relief that Advanced Logistics seeks would only prohibit the [D]efendants from engaging in unlawful acts."

Defendants contend the trial court erred when it failed to consider the hardship that an injunction against it would create.  However, at the hearing on the preliminary injunction, Defendants asserted they neither needed nor wanted any

4

proprietary information belonging to Advanced Logistics because they were creating a superior, albeit different, product. If that is the case, Defendants' argument that an injunction would subject it to an unfair hardship is groundless.

Finally, Defendants contend that the trial court should have required Advanced Logistics to establish its case by a preponderance of the evidence because the injunction requested, and the trial court ordered, a return of property. Again, at the hearing on the preliminary injunction, Defendant asserted they were not in possession of any proprietary information or property belonging to Advanced Logistics. All information and property once in Ryan Fitzgerald's possession was allegedly returned on April 11, 2011, when he was confronted by Mr. Svendson. The evidence established that Mr. Fitzgerald admitted that he took property and information from Advanced Logistics only after he was shown indisputable photo evidence of himself in possession of said items by Mr. Svendson. Therefore, we find no error in the trial court's order that Defendants return anything in their possession nor in the burden of proof to which Advanced Logistics was held. The record before us supports a prima facie showing by Advanced Logistics. We further note that this matter involves a preliminary injunction. This is neither a hearing on a permanent injunction nor a trial on the merits. Considering the evidence in the record, we find that the trial court did not abuse its "great discretion" in its issuance of a preliminary injunction.

**DECREE**

For the foregoing reasons, we affirm the trial court judgment granting the preliminary injunction in favor of Advanced Logistics, LLC. Defendants/Appellants, Jennifer Comeaux, Brad Brewer, Ryan Fitzgerald, and Necessa Solutions, LLC, are cast with all costs of this appeal.

**AFFIRMED.**

5