NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-42

HOMELAND FEDERAL SAVINGS BANK

VERSUS

JAMES OMA MCGUFFEE, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 26,349 "A"
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.

James Eugene Mixon
Attorney at Law
P. O. Drawer 1619
Columbia, LA 71418
(318) 649-9284
COUNSEL FOR PLAINTIFF APPELLEE:
    Homeland Federal Savings Bank

**M. Randall Donald**
**Attorney at Law**
**129 Julia St.**
**West Monroe, LA 71291**
**(318) 322-8442**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **James Oma McGuffee**
    **Glenda Deville McGuffee**
    **G & J Catfish, LLC**
    **James Darren McGuffee**

**SAUNDERS, Judge.**

This case involves a devolutive appeal from the trial court's denial of a preliminary injunction. The requested preliminary injunction was to enjoin the sheriff's sale of a portion of certain tracts of immovable property that were included in several tracts sought to be sold by a bank through executory process. That bank had a mortgage on the several tracts of immovable property, including the tracts that the preliminary injunction sought to enjoin from being sold.

The trial court denied the preliminary injunction. Thereafter, the bank bought the entirety of the immovable property at two different sheriffs' sales, one occurring in Catahoula Parish, the other in LaSalle Parish. The defendants seeking the preliminary injunction appeal its denial. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

On October 29, 2010, Homeland Federal Savings Bank (hereinafter "Homeland") filed an action to foreclose on several tracts of immovable property located in Catahoula Parish and LaSalle Parish, Louisiana. It named James Oma McGuffee, Glenda Ann Deville, and G & J Catfish, LLC (hereinafter collectively "previous property owners") as defendants to that proceeding. On November 8, 2010, a writ of seizure and sale was ordered. Homeland amended its petition to foreclose by executory process requesting that James Darren McGuffee (hereinafter "McGuffee") also be served with notice of the foreclosure proceeding. On November 22, 2010, an amended order was issued.

On April 21, 2011, McGuffee and the previous property owners filed for injunctive relief seeking to preclude the sale of those tracts identified in the writ of seizure issued by the trial court. The basis for seeking the preliminary injunction was that McGuffee had purchased from the previous property owners those certain tracts of immovable property in July 2008 for approximately $55,000.00.

According to the testimony received by the trial court, after the previous property owners received the check for $55,000.00 from McGuffee, they endorsed the check and gave it to Homeland as a payment on their outstanding mortgage from their original purchase of the several tracts of land. However, the previous property owners never requested a release from Homeland of its mortgage on the particular tracts of immovable property they sold to McGuffee. Further, the bank that financed McGuffee's purchase of the tracts of immovable property from the previous property owners failed to verify that Homeland released its mortgage on the tracts purchased by McGuffee.

On May 3, 2011, and May 6, 2011, the trial court heard testimony and received evidence regarding McGuffee's request that a preliminary injunction be issued enjoining the sheriff's sale. The trial court took the matter under advisement and received briefs from Homeland and McGuffee and the previous property owners. On May 24, 2011, the trial court rendered judgment in favor of Homeland denying McGuffee and the previous property owners' request that a preliminary injunction be issued enjoining the sheriff's sale set for May 25, 2011. No request for a suspensive appeal was filed and no request for a stay of the proceedings was filed prior to the sale. Thus, on May 25, 2011, all of the property in Catahoula Parish was sold to Homeland at a sheriff's sale. (The property located in LaSalle Parish had previously been sold to Homeland via a different sheriff's sale in LaSalle Parish.)

McGuffee and the previous property owners filed this devolutive appeal, asserting three assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The trial court erred in failing to grant the requested preliminary injunction on the property sold to [McGuffee] in 2008, for which [Homeland] received and negotiated the [sale's] proceeds.

2

2.     The trial court erred in failing to grant the requested preliminary injunction when [Homeland] received and negotiated what it knew were the proceeds of the sale of property to [McGuffee] in 2008 and then remained silent for over two years prior to filing this executory process action.

3.     The trial court erred in failing to either grant the preliminary injunction or order the return of the sales proceeds which they received and negotiated or to grant a partial release as to that property.

## DISCUSSION OF THE MERITS:

While McGuffee and the previous property owners raise three assignments of error, these assignments of error all deal with the same issue, whether they are entitled to some relief due to the previous property owners' admitted failure to obtain a release of Homeland's mortgage on the property they sold to McGuffee. We find that they are not entitled to any relief.

McGuffee and the previous property owners do not argue that any particular standard of review is applicable to these assignments of error. Rather, they rely of arguments relating to fairness and equity and whether the trial court was correct as a matter of law to deny their preliminary injunction and requested relief.

> In order to obtain a preliminary injunction, a petitioner must show that he will suffer irreparable harm, he is entitled to the relief sought, and he must making a *prima facie* showing that he will prevail on the merits of the case. *General Motors Acceptance Corp. v. Daniels*, 377 So.2d 346 (La.1979). An irreparable loss is one that cannot be compensated by money or is not susceptible of measurement by pecuniary standards. *Hairford v. Perkins*, 520 So.2d 1053 (La.App. 3 Cir.1987). "Trial courts have 'great discretion' in determining whether to grant or deny a preliminary injunction." *Pumpelly Oil, Inc. v. Ribbeck Const. Corp.*, 02-868, p. 6 (La.App. 3 Cir. 2/5/03), 838 So.2d 88, 92. On appeal, the issuance or denial of a preliminary injunction will be reversed only if the trial court abused its discretion. *Concerned Citizens of Rapides Parish v. Hardy*, 397 So.2d 1063 (La.App. 3 Cir.1981).

*Derouen's Heavy Equipment, Inc. v. Lafayette City-Parish Consol. Government*, 08-1077, pp. 2-3 (La.App. 3 Cir. 3/4/09), 7 So.3d 48, 50-51.

3

Here, the previous property owners admitted that they did not ask Homeland to release its mortgage on the tracts of immovable property they sold to McGuffee. Further, there is no evidence in the record that anyone at any time requested that Homeland release its mortgage on the property McGuffee purchased from the previous property owners. Therefore, Homeland had a valid mortgage on the tracts of immovable property, was entitled to foreclose on those tracts of land due to nonpayment of the debt owed it by the previous property owners, and exercised its right to do so. Thus, McGuffee and the previous property owners have made no showing that they will be able to prevail on the merits of the case.

Moreover, even if this were not the case, there is no irreparable injury to either McGuffee or the previous property owners that cannot be compensated via pecuniary means. Finally, Homeland contends that this appeal is moot, as the tracts of immovable property have already been sold. This contention by Homeland, while seemingly accurate, need not be addressed. There is no evidence in the record that provides any basis that McGuffee and the previous property owners were entitled to any relief from the trial court. Thus, the trial court's denial of McGuffee and the previous property owners' request for preliminary injunction was not an abuse of discretion.

**CONCLUSION:**

James Darren McGuffee, James Oma McGuffee, Glenda Ann Deville, and G & J Catfish, LLC raise three assignments of error contending that they are entitled to either a preliminary injunction enjoining the sale of tracts of immovable property already sold via sheriff's sale to Homeland Federal Savings Bank or to some other form of relief fashioned by this court. We find no merit to these contentions. All costs of these proceedings are assessed to James Darren McGuffee, James Oma McGuffee, Glenda Ann Deville, and G & J Catfish, LLC.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules– Courts of Appeal, Rule 2–16.3.