NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-815

LARRY C. JEANE, ET AL.

VERSUS

THE SUCCESSION OF VIVIAN CAIN LANGTON, ET AL.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 90,946, DIV. B
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and John E. Conery, Judges.

REVERSED AND REMANDED.

David L. Wallace
Attorney at Law
P. O. Box 489
DeRidder, LA 70634
(337) 462-0473
COUNSEL FOR DEFENDANTS-APPELLEES:
    Succession of Vivian Cain Langton, et al.

**Alvin C. Dowden, Jr.**
**Attorney at Law**
**116 E. Lula Street**
**Leesville, LA 71446**
**(337) 238-2800**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Larry C. Jeane**
    **Wilmer Lee Jeane**

**B. Gene Taylor, III**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **James A. Watson**

**PICKETT, Judge.**

James A. Watson appeals the judgment of the trial court granting a preliminary injunction enjoining him from selling, alienating, or encumbering five parcels of property he purchased from Michael White, acting as executor of the Succession of Vivian Cain Langton.

## STATEMENT OF THE CASE

According to the petition filed by the Jeanes, Mr. White, acting pursuant to a power of attorney executed by Ms. Langton, agreed to sell to Larry Jeane a parcel of land owned by Ms. Langton on May 1, 2006. According to the contract, Mr. White would "give the Larry C. Jeane title when land is put in my name." The contract was notarized, but never filed in the public records.

In June 2006, Mr. White allegedly entered into an oral contract Larry Jeane to sell an eighty-acre tract of land owned by Ms. Langton. There is no written contract evidencing this sale or agreement to sell. Larry Jeane alleges he paid the full purchase price of $96,000.00 in installments, with the final payment paid in January 2012.

Ms. Langton died on March 20, 2007, at which time the power of attorney authorizing Mr. White to act on her behalf became ineffective. Nevertheless, Mr. White sold a parcel of land owned by Ms. Langton to Wilmer Lee Jeane on December 14, 2007. The contract was signed by Mr. White and Wilmer Lee Jeane and notarized, but it is not an authentic act and it was not filed in the public records. The contract states that the land is approximately 1.6 acres, while the accompanying property description states that the land is approximately 2.5 acres. The contract also includes a notation by a notary public that the amount owed was paid in full on March 15, 2014.

In December 2014, Mr. White was named executor of Ms. Langton's succession. On March 3, 2015, Mr. White, as executor of the succession, sold five parcels of land to Mr. Watson. Each of the five sales was accomplished by authentic act and recorded in the conveyance records of Vernon Parish. The Jeanes claim that the one of the parcels of land sold includes the tract sold to Larry Jeane in May 2006 and the tract sold to Wilmer Lee Jeane in December 2007. The Jeanes also claim that a second parcel sold to Mr. Watson is the same tract of land Mr. White sold to Larry Jeane in June 2006.

The Jeanes filed a Petition to Rescind Sale, for Damages, and for Injunctive Relief. In the petition, they allege that they are creditors of the Estate of Vivian Cain Langton, and therefore have a right to petition the court for the rescission of the sales to Mr. Watson. They also allege that the sales are lesionary and that Mr. White breached the contracts he executed with the Jeanes, and that Mr. White committed fraud. They further allege that Mr. Watson illegally harvested timber on land he purchased from the succession, in that the timber he harvested was on land previously sold by Mr. White to the Jeanes. The Jeanes sought a temporary restraining order from the court preventing Mr. White, individually or as executor of the succession, or Mr. Watson from alienating or encumbering any of the property sold to Mr. Watson. The trial court granted an ex parte temporary restraining order to that effect on March 24, 2015, and set a hearing on whether a preliminary injunction should issue for May 12, 2015.

Mr. Watson and Mr. White separately responded to the petition by filing exceptions of no cause of action and no right of action. A hearing on the exceptions was set for May 12, 2015. The Jeanes filed a supplemental and amending petition on May 12, 2015, the day of the hearing. At the hearing, the

trial court stated that the hearing would have to be refixed because of recent filings. The trial court did, however, grant the preliminary injunction sought by the Jeanes. No evidence was introduced at the hearing. Mr. Watson now appeals.

## ASSIGNMENT OF ERROR

Mr. Watson asserts one assignment of error:

> The trial court committed legal error in granting the Jeanes' application for a preliminary injunction without a hearing or the taking of evidence.

## DISCUSSION

"An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant[.]" La.Code Civ.P art. 3601(A). "During the pendency of an action for an injunction, the court may issue a temporary restraining order, a preliminary injunction, or both[.]" La.Code Civ.P. art. 3601(C). "A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing." La.Code Civ. P. art. 3602. The trial court may determine whether to issue a preliminary injunction by looking only to the verified petition and supporting affidavits, but to do so the court must do so in writing and an order to that effect must be served at the time the notice of the hearing is served. La.Code Civ.P. art. 3609.

In order to prevail at a hearing seeking a preliminary injunction, a party must show irreparable harm if the injunction is not issued, that he is entitled to the relief sought, and must make a prima facie showing that he will prevail on the merits. *Gen. Motors Acceptance Corp. v. Daniels*, 377 So.2d 346 (La.1979).

In the instant case, the trial court denied a hearing to Mr. Watson and issued a preliminary injunction pending the refixing of the hearing. The trial court's statement on the record alluded to a discussion held in chambers. The fourth

3

circuit has held that a pretrial conference is insufficient to meet the requirements of a hearing before issuing a preliminary injunction. *See Robinson v. Robinson*, 94-2513 (La.Appp. 4 Cir. 9/15/95), 661 So.2d 1087. The first, second, and fourth circuits have held that the proper remedy for issuance of a preliminary injunction without the required hearing is to reverse the order and remand for a hearing that complies with the law. *See Kilbourne v. Hunt*, 276 So.2d 742 (La.App. 1 Cir. 1973); *State v. Twin Cities Memorial Gardens, Inc.*, 43,568 (La.App. 2 Cir. 9/17/08), 997 So.2d 16; *and Licfro Inc. v. State*, 03-737 (La.App. 4 Cir. 10/1/03), 859 So.2d 739.

We find the trial court erred in granting a preliminary injunction without the hearing required by La.Code Civ. P. art. 3602 and without giving notice of a hearing on the pleadings and affidavits pursuant to La.Code Civ.P. art. 3609. The judgment of the trial court is reversed, and the case is remanded for a hearing in accordance with this opinion.

## CONCLUSION

The judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Larry and Wilmer Lee Jeane.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3

4