276 So.2d 742 (1973)
Richard KILBOURNE, District Attorney 20th Judicial District of Louisiana
v.
Mrs. Elayn HUNT, Director of the Department of Corrections, State of Louisiana and C. Murray Henderson, Warden, Louisiana State Penitentiary.
No. 9148.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
*743 S. J. Dileo, Jr., Baton Rouge, for appellant.
Richard H. Kilbourne, Dist. Atty., St. Francisville, for appellees.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from the granting of a preliminary injunction enjoining appellants, Mrs. Elayn Hunt, Director of the Department of Corrections of the State of Louisiana, and C. Murray Henderson, Warden of the Louisiana State Penitentiary, from in any way changing the maximum security confinement status of inmates confined on death row at the Louisiana State Penitentiary. The injunction refers to all inmates and in particular to Jesse James Washington and Louis Hall.
The record shows that the original petition for injunctive relief was brought by Richard Kilbourne in his capacity as District Attorney of West Feliciana Parish. Subsequently, the suit was amended to make Kilbourne a party plaintiff individually, and additionally to join the West Feliciana Parish Police Jury as a party plaintiff. The petition, filed on June 30, 1972, alleges that on June 29, 1972 the United States Supreme Court ruled in certain cases before it that the death penalty is unconstitutional. The petition further alleges in Article 4 that,
"Following the report of said decision the defendants indicated publically that they would release the prisoners presently held on Death Row at Louisiana State Penitentiary, including Jesse James Washington and Louis Hall, into the general prison population."
A temporary restraining order issued in the substance of the preliminary injunction above referred to, and a hearing on the petition for the preliminary injunction was set for July 7, 1972. Only July 7, the hearing was continued until July 14, 1972 and the restraining order was extended.
*744 On July 14, exceptions were filed by defendants which were overruled. Defendants also filed affidavits which denied making any statement that they would "ex parte" release "Death Row" prisoners into the general prison population. Over objection of defendants, the hearing was again continued and re-set for July 24, 1972. The temporary restraining order was again extended.
At the hearing of July 24, 1972, the testimony of Mr. Hayden Dees, an associate Warden at Louisiana State Penitentiary was taken. No other evidence was presented and the preliminary injunction was granted.
Appellants cite several specifications of error. However, we believe the matter is disposed of simply because there is no evidence in the record to support the issuance of a preliminary injunction.
Code of Civil Procedure Article 3609 provides that,
"The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served ..."
There was no order issued by the trial judge that the application for a preliminary injunction was to be heard on affidavits. Therefore the hearing had to be on proof as in ordinary cases. Pearce v. Johnson, La.App.3rd Circuit, 213 So.2d 117 (1968).
The only proof presented was the testimony of Associate Warden Dees. With respect to the allegation that defendants-appellants indicated they would release "Death Row" prisoners into the general prison population, Mr. Dees testified on direct examination by plaintiff as follows:
"Q. To your knowledge, has there been any move at this time or indication that these prisoners or some of them might be taken off of death row?
A. No sir, I haven't heard of any effort made to release any men from death row, no, sir.
Q. Has it been discussed?
A. It has not with me.
Q. I mean with you, sir.
A. No, sir.
Q. You are not aware of any order that's come from any high authority looking to the possibility or directing that any changes be made in the maximum security of these death row prisoners at this time?
A. No, sir ..."
Again on cross-examination, Mr. Dees testified as follows:
"Q. Have any moves been made or orders from the Department of Corrections to classify or reclassify the death row inmates?
A. Not of my knowledge, no, sir.
Q. This was an independent classification that you made in connection with the case. Is that correct?
A. Right.
Q. You haven't had any indication that ... or word or orders from the Warden or from the Director of the Department of Corrections of an imminent move of these prisoners off of death row or out of maximum security?
A. No, sir ..."
The language of Code of Civil Procedure Article 3609 that affidavits and *745 the verified petition can be used as proof only if the trial judge so orders in writing is mandatory. Accordingly, the above testimony is the only competent testimony in the record to support the allegations in the petition for the preliminary injunction. It fails to make even a prima facie case. In view of this fact, the Court specifically refrains from considering the questions of procedural capacity of the plaintiff, and the applicability of LSA-R.S. 15:568 after the decision of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
The judgment granting the preliminary injunction is reversed and set aside, and costs are assessed to plaintiff-appellee. The case is remanded for further proceedings on the application for a permanent injunction.
Reversed and remanded.