KLIEBERT, Judge,
dissenting.
I respectfully dissent from the majority opinion. In my view, the trial court order granting the preliminary injunction should be vacated and the case remanded to the trial court for further hearing.
To me, the plaintiffs have structured an illegal and unauthorized proceeding in that they sought to prove the prerequisites for a preliminary injunction by affidavits without first obtaining a written order to use affidavits as required by C.C.P. Article 3609. As stated in Kilbourne v. Hunt, 276 So.2d 742 (1st Cir.1978) absence of the written order mandatorily requires a dismissal of an injunction predicated on the affidavits. Additionally, in my opinion there is serious doubt as to the ability of the plaintiffs to combine a summary proceeding (preliminary injunction) with an ordinary proceeding (attack on the validity of the rental charge as applied to off-site premises) which accomplishes the results obtained here, i.e., a prima facie declaration of the invalidity of the resolution and ordinance imposing the fee without proving the merits of the contentions made in the ordinary action, particularly when, as here, the original ordinary action was for a declaratory judgment against a branch of government co-equal to this Court to have declared the charge to be an illegal tax and, as such, violative of the home rule charter of the City of Kenner.
Further, although the majority noted that LSA-R.S. 2:605(D) was effective (7/30/91) after the passage of the resolu *228 tion imposing the rental charge (adopted 10/5/89) and the New Orleans Ordinance No. 14486 MCS approving same (adopted 4/23/91),[1] the majority opinion compares the provisions of the resolution and ordinance against the provisions of LSA-R.S. 2:605(D) in deciding whether there was a prima facie case of invalidity to enjoin the imposition of the rental charge. In my view, the New Orleans Aviation Board had specific authority under R.S. 2:351 and general authority under R.S. 2:605(A-C) [before the enactment of R.S. 2:605(D)] to impose the rental charge and a 7% rate imposed under that authority would not be violative of the then existing State law or of the Federal Constitution. See for example, Airline Car Rental v. Shreveport Airport Authority, 667 F.Supp. 293 (WD La. 1986). Since R.S. 2:605(D) was enacted after the imposition of the rental charge, if at all applicable, the statutory provision R.S. 2:605(D) can only serve to restrict the rate of the rental charge after its effective date and not to invalidate the fee for use of airport facilities imposed prior to its effective date.

. Ordinance 14486 MCS was adopted by the City Council of New Orleans on 4/18/91 and approved by the Mayor on 4/23/91.