WALTZER, Judge.
Defendant, Louisiana Power & Light (“LP & L”), appeals a trial court judgment in which the court ordered a preliminary injunction prohibiting LP & L from terminating its services at 2925 Dauterive Drive in Chalmette, so long as the bill at that address remained current and was being paid. The defendant raises three assignments of error on appeal. First, that the trial court was in error for not accepting any evidence at the preliminary injunction hearing. Second, that the trial court erred in not giving notice that no evidence was to be taken at the preliminary injunction hearing. And, third, that the trial court erred in granting a preliminary injunction based solely upon oral arguments without any evidentiary proof being considered.
On September 12, 1991, the defendant, LP & L, sent a letter to plaintiff, Sylves Ford, Jr., notifying him that two accounts in his name for two separate properties had balances in arrears totaling an amount of $1785.75. The letter was sent to Mr. Ford at his residence located at 2925 Dauterive Drive, and was received the following day on September 13, 1991. The letter informed Mr. Ford that the two accounts in arrears, # 470172, located at 25 Queens Court, and #447497, at 421 Bear Street, listed him as the responsible party, and that, if payment was not made within five days from the date of the letter, that service would be terminated at Mr. Ford’s current address on Dauterive Drive. On September 16, 1991, one day before LP & L’s due date, Mr. Ford’s attorney sent a letter in response to LP & L’s letter. In this letter, the attorney explained that Mr. Ford had never lived in the house at 25 Queens Court, but had bought the house and had temporary service while repairing and preparing the property for sale and that the property had been sold two and a half (2V2) years earlier. This letter further stated that Mr. Ford sold the property at 421 Bear Street ten years earlier and that Mr. Ford’s electricity was disconnected when he moved from that address. Mr. Ford’s attorney further noted that the account for 2925 Dauterive Drive was current and that payments for that service had always been paid timely. Mr. Ford’s attorney advised that LP & L should assess the amount of payments owed to the appropriate parties. The plaintiff alleges that a LP & L representative informed him that his account at his present home was current and had been current for the past five and one-half (5y2) years, and that no cut-off date was applicable to his residence on Dauterive Drive at that time. On September 19, 1991, after the assurance of the LP & L representative, the electricity at 2025 Dauterive Drive was disconnected.
On October 4, 1991, plaintiff filed a petition for damages, Writ of Mandamus, temporary restraining order, and preliminary injunction. On October 7, 1991, the trial judge granted plaintiff’s Writ of Mandamus, ordering LP & L to restore electricity at 2925 Dauterive Drive, and issued a temporary restraining order, upon plaintiff’s posting of a bond in the amount of two thousand (2,000) dollars, prohibiting LP & L from disconnecting its service at that address so long as the bill remained current. The trial judge further ordered LP & L to show cause on October 25, 1991 why a preliminary injunction should not be issued. LP & L was not present at, nor did they receive notice of plaintiff’s petition prior to the court’s issuance of the Writ of Mandamus and TRO. After it received notifica *746 tion, LP & L responded by filing an answer and a reconventional demand for damages resulting from the TRO.
The preliminary injunction hearing, by consent of both parties, was moved to November 15, 1991. Before that date, the defendant subpoenaed the sister and brother-in-law of the plaintiff, Ms. Patricia Or-geron and Mr. Sherril Orgeron, to appear at the preliminary injunction hearing. Neither appeared. On November 15, 1991 LP & L appeared, ready to present evidence, as well as call two representatives of LP & L to testify, regarding the circumstances warranting the termination of electrical service to Mr. Ford. However, at the hearing, plaintiffs counsel stated that he understood the hearing was solely for the purpose of oral arguments, and that no evidence would be allowed.[1] The court, over the objection of LP & L, agreed with plaintiffs counsel. After listening to oral arguments, the trial court issued a preliminary injunction and instructed counsel for plaintiff to draft a judgment reflecting the court’s decision.
The defendant now appeals arguing that the trial court was in error for not accepting evidence at the preliminary injunction hearing, since the defendant was never notified that evidence would not be received, and that the trial court was in error for issuing a preliminary injunction based solely on the pleadings and oral arguments, without considering any of the evidence available to it at the hearing.
Louisiana Code of Civil Procedure article 3609 provides when a court may issue a preliminary injunction without taking evidence.
The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.
The court never issued an order indicating that the preliminary injunction application would be heard on affidavits and arguments alone. At the hearing, the trial judge thus had to allow evidence and proof as in ordinary cases. Red River v. Noles, 406 So.2d 294 (La.App. 3rd Cir.1981); Kilbourne v. Hunt, 276 So.2d 742 (La.App. 1st Cir.1973). Because the trial court never issued an order notifying the defendant that no evidence would be taken at the preliminary injunction hearing, the trial court was in error for not accepting the evidence offered by LP & L. The defendant should have been allowed to call its witnesses and present its evidence as in ordinary cases.
The judgment of the trial court is therefore reversed and set aside, and this case is remanded to the trial court for a new preliminary injunction hearing at which the parties will be allowed to present evidence as in ordinary cases. We, therefore, return the parties to the position they were in prior to the trial court’s preliminary injunction hearing.
REVERSED AND REMANDED.

. We base this on statements in defendant’s brief. Plaintiff filed no brief in this Court and was absent and unrepresented when the case was scheduled for oral argument. There is no transcript of the hearing of November 15, 1991.