hTERRI F. LOVE, Judge.
The State of Louisiana, Office of Alcohol and Tobacco Control (“State”), appeals the granting of a preliminary injunction in favor of Licfro, Inc. For the reasons stated below, we reverse and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Licfro, Inc.’s permit to sell alcohol was revoked by appellant on September 3, 2002. That decision was appealed to the Civil District Court for the Parish of Orleans. In the appeal, Licfro, Inc. requested that the trial court issue a preliminary injunction, “enjoining the effect and implementation of the revocation and all future enforcement proceedings until such time as the trial de novo obtains.”
At trial, the trial court heard only oral argument, and no affidavits, exhibits or testimony were presented to the court. A judgment, which ordered the issuance of a preliminary injunction without bond, was granted. The State has timely appealed the granting of the preliminary injunction.
FIRST ASSIGNMENT OF ERROR
The State’s first assignment of error asserts that the trial court abused its discretion and committed manifest error by granting a preliminary injunction | ¡.without evidence. Specifically, appellant submits that La. C.C.P. art. 3609 requires proof to support the granting of a preliminary injunction, and provides in pertinent part:
The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.
The State contends that because the record contains no verified pleadings and no order allowing for hearing by affidavits, Licfro, Inc. was required to present proof as in an ordinary case. Kilbourne v. Hunt, 276 So.2d 742 (La.App. 1 Cir.1973). The State further points out that Licfro, Inc. offered no proof to support the granting of a preliminary injunction.
In defense of the State’s first assignment of error, Licfro, Inc. contends that adequate evidence was adduced during oral argument before the trial court. Licf-ro, Inc. also relies on the pleadings filed with the trial court, wherein Licfro, Inc. asserted:
The plaintiff will be irreparably harmed absent injunctive relief in that the forced and continued closure of plaintiffs business for a period of six months will result in the irreplaceable loss of plaintiffs legal non-conforming zoning. Additionally, plaintiff has suffered and will continue to suffer damages to its goodwill and reputation.
Moreover, Licfro, Inc. argues that the trial court took evidentiary and judicial recognition of the zoning ordinances of the City of New Orleans that provides for the loss of a legal non-conforming zoning use by the lapse of six |3months passage of non-use. Licfro, Inc. concedes there exists no transcript of the oral argument reflecting this discussion.
*742 SECOND ASSIGNMENT OF ERROR
In the State’s second assignment of error, it is argued that the preliminary injunction is invalid and must be vacated as no bond was ordered or posted. The State submits that La. C.C.P. art. 3610 requires the posting of security for a preliminary injunction, providing as follows:
A temporary restraining order or preliminary injunction shall not issue unless the applicant furnished security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained.
With respect to the State’s second assignment of error, Licfro, Inc. contends that the failure of appellant to seek, and/or the failure of the trial court to order the posting of security should not he held against them. It is also the position of Licfro, Inc. that if this court is inclined to disturb the ruling of the trial court for the lack of a bond, the appropriate course of action would be to remand the matter to allow for the production of any necessary evidence and/or to permit the trial court to consider the appropriateness and/or amount of security. Licfro, Inc. cites Liberty Bank and Trust Co. v. Dapremont, 00-2146 (La.App. 4 Cir. 12/12/01), 803 So.2d 387, wherein, this court chose to remand, rather than vacate a preliminary injunction that was issued without bond. DISCUSSION
An injunction shall issue in cases where irreparable injury, loss, or damage may occur to the applicant. During the pendency of an action for injunction, the [¿court may issue a temporary restraining order, preliminary injunction or both. La. C.C.P. art. 3601. A preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case. HCNO Services, Inc. v. Secure Computing Systems, 96-1693 (La.App. 4 Cir. 4/23/97), 693 So.2d 835; Federal Nat. Mortg. Ass’n v. O’Donnell, 446 So.2d 395, 398 (La.App. 5 Cir.1984).
To obtain a preliminary injunction, the applicant must show that the damage he will suffer may be irreparable if the injunction does not issue, that he is entitled to the relief sought, and must make a prima facie showing that he will prevail on the merits of the case. General Motors Acceptance Corporation v. Daniels, 377 So.2d 346 (La.1979); Burnham Broadcasting Company v. Williams, 629 So.2d 1335, 1338 (La.App. 4 Cir.1993).
The jurisprudence interpreting article 3601 establishes that, while the trial court has broad discretion in deciding whether to grant injunctive relief, injunction is an extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss without adequate remedy at law. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 703; Oestreicher v. Hackett, 94-2573 (La.App. 4 Cir. 5/16/95), 660 So.2d 29, 31. Irreparable injury means the applicant cannot be adequately compensated in money damages for his injury or suffers injuries, which cannot be measured by pecuniary standards. Bagert v. Goldsmith, 504 So.2d 648, 651 (La.App. 4 Cir.1987); Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314, 319 (La.1981).
-Regarding the proof that is required at a hearing on a preliminary injunction, the wording of article 3609 makes it clear that in the absence of a written order by the court that the matter will be heard on verified pleadings or supporting 15affidavits, which order must be served on *743 the parties, proof will be as in ordinary-cases. Robinson v. Robinson, 94-2513 (La.App. 4 Cir. 9/15/95), 661 So.2d 1087;
In Kilbourne, the court found that where no order is issued by the trial judge, stating that the application for a preliminary injunction is to be heard on affidavits, the hearing must be on proof as in ordinary cases.
In the instant case, the record contains no documentation to support a finding that the judge issued an order that the injunction would be heard on affidavits. Further, we have determined from a review of the record that no evidence was introduced to support the allegations in the petition. Specifically, the record reveals that only an oral argument was presented at the hearing and it was not transcribed. From the limited record before us, we find that Licfro, Inc. failed to show irreparable injury and failed to make a prima facie showing that Licfro, Inc. would prevail on the merits of the case. Accordingly, we find that the trial court erred in granting the preliminary injunction.
As to the State’s second assignment of error, we also find that the trial judge erred in granting the application for preliminary injunction without requiring Licfro, Inc. to post security and that the judgment must also be reversed on that basis. La.C.C.P. art. 3610 states that a temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. Cochran v. Crosby, 411 So.2d 654, 655 (La.App. 4 Cir. 1982). This court knows of no law dispensing with security under the facts of this case. Licfro, Inc. cited the Liberty Bank and Trust Co. case to support its contention that a remand of the case to the trial court with instructions that security must be furnished would better serve the interests of justice and judicial economy. However, the court in Liberty Bank | ¿found sufficient evidence to support the granting of a preliminary injunction. Hence, dissolving the preliminary injunction, which was granted without a bond, would not have been feasible. A remand to the trial court to consider security was appropriate in that particular situation. By contrast, the facts of the instant case do not support the granting of a preliminary injunction. As a result, the judgment granting the preliminary injunction must be reversed, because of the lack of factual support and its subsequent issuance without a bond.
For the reasons stated herein, we find that the trial court committed manifest error by granting a preliminary injunction without the requisite proof and without the requisite posting of security. The judgment is therefore reversed and this case is remanded for further proceedings.
REVERSED AND REMANDED.
ARMSTRONG, J., concurs in the result.