CHARLES R. JONES, Judge.
hThe Appellant, William van Calsem, seeks review of the district court’s judgment granting the Appellees’ (Peterson M. Yokum, Nicholas H.K. Yokum, and Kenneth van Calsem) Application for Preliminary Injunction. We amend the judgement and affirm as amended.
Statement of Facts:
Mr. van Calsem’s late wife, Julie Gay de Fazande Yokum van Calsem (“Julie”), drafted a will which she later signed on May 30, 1989. In the will she left naked ownership of a parcel of property at 824 Royal Street in the French Quarter to the Appellees, namely, her two brothers, Peterson Yokum and Nicholas Yokum, and her stepson, Kenneth van Calsem. In the same will, she also left a usufruct to her husband, William (“Bill”) van Calsem. The provision reads:
3.5 824 Royal Street Property. Subject to usufruct in favor of Bill, which I hereby grant for life, I give equal shares to my stepson Kenneth van Calsem, my brother Peterson M. Yokum, and my brother Nicholas H.K. Yokum, by roots in being at my death, my real property at 824 Royal Street, New Orleans, Louisiana. Bill, as my usu-fructuary, shall have the fullest right to deal with this property as he may see fit, with the greatest freedom to act that can be Rgiven to a usufructuary under the Louisiana Civil Code including, particularly, but not exclusively, the right to dispose of nonconsumable things pursuant to Article 568 of the Louisiana Civil Code and to enjoy the proceeds of any deposition. Bill shall not be required to give bond as usufructuary.
Julie died on May 31, 1989, and her will was subsequently probated in the Civil District Court for the Parish of Orleans. On January 23, 1990, the district court rendered a judgment of possession recognizing Peterson Yokum, Nicholas Yokum, and Kenneth van Calsem as the legatees and owners of the subject property, subject to Bill van Calsem’s usufruct. Subsequently, the succession was closed.
About thirteen (13) years later, in 2003, Bill van Calsem consulted the law firm of Jones, Walker, Waechter, Poitevent, Car-rere, & Denegre, L.L.P. (Jones, Walker), for a legal opinion concerning his respective rights (1) to dispose of the Royal Street property without permission of the naked owners, (2) his right to use the proceeds, (3) when he would have to account for the proceeds, and (4) whether the naked owners would have any claim against an insurance policy that he owned *738 on which his new wife,[1] Barbara Ann Downs van Calsem, was the beneficiary of the life insurance proceeds.
Jones, Walker later advised Bill van Cal-sem, via letter dated June 4, 2004, that: (1) the usufruct would terminate at his death; (2) based upon the authority conferred to him in the will, he could sell the property without the consent of the naked owners; (3) if Bill van Calsem sold the property, then his usufruct would attach to the proceeds of the sale, and his usufruct would then become a usufruct of | amoney, and he would be bound to pay to the naked owners at the end of the usufruct, the value that the property had at the time he sold it; (4) if his usufruct became a usu-fruct of money, that Bill van Calsem could do with the money as he saw fit; (5) the naked owners of the property would become creditors of his estate with a claim against his estate generally for the value the property was at the time Bill van Calsem sold it; and (6) the claim against Bill van Calsem’s estate would not lie against any life insurance proceeds.
After receiving the written response from Jones, Walker, Bill van Calsem sold the property to his niece, Wendy van Cal-sem, and her husband Bill W. Wendel via cash sale, for $650,000.[2] The sale[3] was made without the consent of the naked owners.
On or about September 23, 2004, the naked owners discovered[4] that the sale of the subject property was made without their consent, and the naked owners, Peterson Yokum, Nicholas Yokum, and Kenneth van Calsem, petitioned the Civil District Court for injunctive and declaratory relief on October 19, 2004. The Appellees alleged that Bill van Calsem had no authority to sell the property, but that he may have had rights to sell his usufruct. They also alleged that Bill van Calsem sold the property for far less than its fair market value and that the buyers, Bill van Calsem’s niece and her husband, knew that the sale price was below fair market value. Based upon the reasons alleged in their petition, the Appellees |4claimed that the sale should be rescinded and Bill van Cal-sem’s usufruct terminated, and that they should be declared the owners of the subject property.
On December 1, 2004, the Appellees subsequently filed a Petition for Preliminary Injunction to enjoin Bill van Calsem from using the proceeds of the sale while the sale and ownership dispute were pending. After hearings on the preliminary injunction and affidavits were completed on January 10, 2005, the district court took the matter under advisement. On February 23, 2005, the district court granted the Appellees’ preliminary injunction, but did not issue a separate writ of injunction served on Bill van Calsem. No written reasons were given. Bill van Calsem timely perfected his appeal.
In the instant appeal, Bill van Calsem alleges that the district court erred as a matter of law by failing to require the Appellees to furnish security in connection with issuing the preliminary injunction. He further alleges that the district court *739 committed legal error by failing to specify, in sufficient detail, what acts are prohibited by Bill van Calsem pursuant to La.Code Civ. Pro. Art. 3605. The Appellant’s brief asserts that both of these legal errors trigger de novo review before this Court.
Discussion:
The Louisiana Supreme Court reiterated the standard of review for legal errors, in Landry v. Bellanger, 02-1443, (La.5/20/03), 851 So.2d 943, 955, rehearing denied, 9/5/03, and opined that “[wjhere one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine which party should prevail by a preponderance of the evidence.” citing Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 747; McLean v. Hunter, 495 So.2d 1298, 1304 (La.1986).
In his first assignment of error, Mr. van Calsem argues that the district court erred as a matter of law by failing to require the Appellees to furnish security in connection with issuing the preliminary induction.
Louisiana Code Civ. Proc. Art. 3610, titled Security for Temporary Restraining Order or Preliminary injunction, provides that:
A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained. However, no security is required when the applicant for a temporary restraining order or preliminary or permanent injunction is seeking protection from domestic abuse, dating violence, stalking, or sexual assault.
This Court has strictly construed La. C.C.P. Art. 3610 to require the posting of security for temporary restraining orders and preliminary injunctions, when an express waiver is provided for by law. For example, in Liberty Bank and Trust Co. v. Dapremont, 00-2146 (La.App. 4 Cir. 12/12/01), 803 So.2d 387, 391-392, this Court stated:
Liberty cites La. C.C.P. art. 3610, asserting that the trial court erred by granting the preliminary injunction without requiring a bond be furnished. We agree. Said article states that the security is mandatory unless waived by law. Under the facts of this case, we find no such exemption from security exists in the law. Consequently, we find that the trial judge erred in granting the application for preliminary injunction | (¡without requiring defendants to post security. This court is faced with two alternatives, either to remand the case to the trial court with directions that security be furnished or reverse the judgment that granted the preliminary injunction. Advanced Collision Services, Inc. v. State Department of Transportation, 93-740 (La.App. 5 Cir. 1/25/94) 631 So.2d 1245; Bonomolo, 477 So.2d at 782.
The facts of this case lead this court to believe that the defendants’ right to an injunction seems beyond question and that dissolving the injunction would serve no useful purpose. In our opinion, a remand to the trial court for the posting of bond would best serve the interests of justice and efficient administration. Therefore, we remand the case for the trial court to fix the amount of the bond. For the foregoing reasons, the judgment of the trial court in granting the preliminary injunction is affirmed, *740 and the case is remanded to fix security by the court in accordance with the law.
In a later case, Licfro, Inc. v. State, ex rel Dept. of Revenue, Office of Alcohol and Tobacco Control, 2003-0737 (La.App. 4 Cir. 10/1/03) 859 So.2d 739, 743, this Court briefly discussed the Liberty Bank ruling, above, and strictly construed La.Code Civ. Pro. Art. 3610 to require the posting of security. However, we reversed the district court’s issuance of the preliminary injunction on the grounds there was insufficient factual support and proof to justify the issuance of the preliminary injunction, coupled with the fact that no security was furnished.
Thus, in the instant matter, it appears that security is required. We follow our earlier rulings and strictly construe the application of La. C.C.P. Art 3610 to require that security be posted for the preliminary injunction. Thus, we amend this judgment to require that security be posted by the Appellees.
[7In his second assignment of error, Mr. Yokum argues that the district court committed legal error by failing to specify, in sufficient detail, the acts from which he was enjoined.
Louisiana C.C.P. Art. 3605, titled Content and Scope of Injunction or Restraining Order, provides:
An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.
Specifically, the February 23, 2005 district court judgment reads in part:
IT IS ORDERED, ADJUDGED, AND DECREED that the Application for Preliminary Injunction filed by the plaintiffs herein is hereby GRANTED. It is further ordered that there be an investment of the funds with the usu-fructuary receiving the proceeds from the investment pending the trial of the petition for declaratory judgment and permanent injunction.
We find that the district court judgment is clear concerning the acts to be enjoined; thus, this argument is without merit and this matter is affirmed.

DECREE

For the foregoing reasons, we AFFIRM the granting of injunctive relief by the district court, and AMEND the judgment to require the posting of bond, and REMAND.
AMENDED; AFFIRMED AS AMENDED; REMANDED.

. After Julie’s death, Bill van Calsem remarried.

. The actual appraised value of the property, per the Appellees’ brief, was approximately $1,900,000.00.

. The Act of Sale was dated September 3, 2004.

.The Appellees’ allege that the sale was kept secret from them because Bill van Calsem and the Wendels had previously approached the Appellees and asked them to sell the property, but the Appellees were not interested in selling the Royal Street property.