| JENNA S. ARD | * | NO. 2019-CA-0312 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| GRRLSPOT, LLC AND | * | |
| CHRISTINE E. JOHNSON | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
|---|---|
| JENNA S. ARD | NO. 2019-CA-0335 |
| VERSUS | |
| GRRLSPOT, LLC AND | |
| CHRISTINE E. JOHNSON | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-04626, DIVISION "D"
Honorable Nakisha Ervin-Knott, JUDGE
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Imtiaz A. Siddiqui
IAS LAW LLC
900 Camp Street, No. 4C16
New Orleans, LA 70130

    COUNSEL FOR DEFENDANT/APPELLANT

Peter J. Butler, Jr.
Richard G. Passler
BREAZEALE SACHSE & WILSON, L.L.P
909 Poydras Street
Suite 1500
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLEE

                              **JUDGMENT AFFIRMED IN PART; VACATED IN PART AND REMANDED; MOTION TO DISMISS APPEAL DENIED.**
                              **October 23, 2019**

This matter involves a dispute over alleged partnership interests in a business called GrrlSpot, LLC. Plaintiff/Appellee, Jenna Ard, filed suit against Defendant/Appellant, Christine Johnson, seeking damages and injunctive relief. The district court heard Ms. Johnson's application for preliminary injunction based upon the verified pleadings and supporting affidavits. The district court granted Ms. Ard's request for preliminary injunction. Thereafter, the district court granted Ms. Ard's motion to amend the preliminary injunction to furnish security and denied Ms. Johnson's cross-motion to dissolve the preliminary injunction. In addition to allowing Ms. Ard to furnish security, the amended preliminary injunction ordered the same injunctive relief contained in the original injunction and, among other things, prohibited Ms. Johnson from interfering with Ms. Ard's operational control of the business. Ms. Johnson appeals the district court's judgment granting the amended preliminary injunction. Ms. Johnson also appeals the district court's judgment denying her cross-motion to dissolve the preliminary injunction arising out of Ms. Ard's failure to furnish security in the original

1

preliminary injunction. Ms. Ard alleges Ms. Johnson failed to timely appeal the judgment on the original preliminary injunction and requests the appeal be dismissed.

We find the district court properly granted the motion to amend to allow Ms. Ard to furnish security. The amended preliminary injunction, however, amounted to a mandatory injunction and also changed the status quo, outcomes which require an evidentiary hearing. Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion. We further find Ms. Johnson timely appealed the judgments and deny Ms. Ard's motion to dismiss the appeal.

### FACTUAL AND PROCEDURAL HISTORY

Ms. Ard and Ms. Johnson began marketing monthly social events for members of the LGBT community under the name of GrrlSpot sometime in 2010. GrrlSpot events were primarily promoted through online social media resources, such as websites, e-mail databases, Facebook, and Instagram. Personal and business conflicts developed between Ms. Ard and Ms. Johnson in 2017. Their seven-year personal relationship ended in February 2017. In March 2017, Ms. Johnson allegedly blocked access to GrrlSpot's financial records, business email accounts, and social media accounts.

On July 14, 2017, Ms. Ard filed a petition for damages, declaratory judgment, and injunctive relief (the "Petition") against Ms. Johnson and Grrlspot, LLC, in First City Court for the City of New Orleans.[1] The Petition alleged the

---

[1] *Jenna S. Ard v. GrrlSpot, LLC and Christine E. Johnson*, FCC No. 2017-0512.

two had entered into one or more oral agreements to form a partnership[2] to host and coordinate entertainment events under the names of GrrlSpot and GrrlSpot NOLA (collectively, "GrrlSpot."). The Petition further alleged Ms. Ard provided financial support and entertainment and technical services to GrrlSpot, while Ms. Johnson performed certain logistical, bookkeeping, and financial tasks. Ms. Ard contended Ms. Johnson breached their partnership agreement, converted assets, and committed fraud. Citing irreparable harm, Ms. Ard requested a temporary restraining order ("TRO").

On July 14, 2017, following a hearing on the TRO, the City Court granted the TRO prohibiting, in part, Ms. Johnson's use of the GrrlSpot name and its assets without the participation of Ms. Ard.[3] On July 24, 2017, Ms. Ard and Ms. Johnson agreed to enter INTO a consent judgment. The consent judgment dissolved the TRO and stipulated that Ms. Johnson would continue to operate GrrlSpot, protect GrrlSpot's assets, and provide Ms. Ard with a monthly accounting.[4] Ms. Johnson answered the underlying Petition in First City Court on

---

[2] Although the Petition states that Ms. Ard and Ms. Johnson has formed a partnership under the name "GrrlSpot," the Petition also describes GrrlSpot, LLC as a single member limited liability corporation.

[3] The TRO included the following:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that considering the law and motion of counsel, that a temporary restraining order is granted because otherwise petitioner will suffer immediate and irreparable injury, loss and/or damages. The temporary restraining order shall be issued under Louisiana Civil Code of Procedure article 3603; prohibiting, restraining, and enjoining defendants, Christine E. Johnson and GrrlSpot, LLC from holding events using the name "GrrlSpot," advertising events using social media accounts with the name "GrrlSpot," and otherwise generating proceeds through the use of the partnership's assets, tangible, and/or tangible property, without the participation of Ms. Ard, pending hearing on this Petition[.]

[4] The Consent Judgment included the following terms:

3

August 4, 2017. She denied the allegations, arguing, in part, that Ms. Ard never had an ownership interest in GrrlSpot.

On November 2, 2018, Ms. Ard filed a motion for preliminary injunction, which is the subject of the present appeal, in Civil District Court for the Parish of Orleans ("CDC").[5] Ms. Ard alleged that Ms. Johnson had improperly withdrawn funds from GrrlSpot's accounts, transferred GrrlSpot funds into Ms. Johnson's personal bank account, and used GrrlSpot funds to create a competing business—actions which threatened to destroy Grrlspot. Ms. Ard prayed that Ms. Johnson be enjoined from interfering with Ms. Ard's operational control of Grrlspot, from exerting any operational control over the partnership, and from having further access to the partnership's assets until the parties' rights could be determined at a trial on the merits. In support, Ms. Ard attached a written, notarized partnership agreement[6] executed between Ms. Ard and Ms. Johnson on July 8, 2011, Grrlspot

---

> Christine Johnson can continue to operate GrrlSpot, LLC including all use of the website and social media;
>
> ***
>
> Christine Johnson will protect the net profits of GRRLSPOT, LLC and will render an accounting of income and expenses to Jenna Ard of any GRRLSPOT, LLC event within 30 days of said event. This provision does not in any matter reflect any ownership interest of Jenna Ard in GRRLSPOT, LLC and is not to be used as such in this lawsuit.

[5] At the time Ms. Ard filed the motion for preliminary injunction, the underlying Petition had been transferred from First City Court to CDC based on Ms. Ard's representation that the amount in controversy exceeded the $25,000.00 jurisdictional authority of First City Court.

[6] The partnership agreement provided the following pertinent terms and conditions:


Partnership Agreement
GrrlSpot, LLC

Partnership agreement made on the 8th ,[sic] day of July, 2011 between Christine Johnson, of New Orleans, Orleans Parish, Louisiana and Jenna Ard, of New Orleans, Orleans Parish, Louisiana ("partners").

bank records, and social media postings regarding GrrlSpot events and "Love Shack Entertainment," the alleged competing business.

In response, Ms. Johnson urged that Ms. Ard had no ownership interest in GrrlSpot and accused Ms. Ard of forging Ms. Johnson's signature on the partnership agreement. Following Ms. Johnson's attack on the validity of the

---

RECITALS

A. Partners desire to join together for the pursuit of common business goals.

\*\*\*

In consideration of the mutual promises contained in this agreement, partners agree as follows:

The name of the partnership shall be GrrlSpot. . . .

1. DURATION OF AGREEMENT

The term of this agreement shall commence on the date listed above and continue until terminated by mutual consent of the parties or by operation of the provisions of this agreement.

\*\*\*

7. BOOKS AND RECORDS

Books of accounts shall be maintained by Christine Johnson and proper entries made in the books of all sales, purchases, receipts, payments, transactions, and property of the partnership. . . Each partner shall have free access at all times to all books and records maintained relative to the partnership business.

\*\*\*

14. FIDUCIARY DUTY

The partners shall be under a fiduciary duty to conduct the affairs of the limited liability company and the partnership in the best interest of the limited liability company and all of its members.

15. BREACH OF AGREEMENT

In the event any partner should breach this agreement, or any terms and conditions contained in this agreement, the remaining partner(s) shall have authority to bring suit against the party in breach, on behalf of the partnership. The partnership shall be responsible for all costs and attorneys' fees occasioned by any suit to enforce the rights and obligations described herein, and the prevailing partner shall retain ownership of partnership assets.

partnership agreement, Ms. Ard supplemented her motion for preliminary injunction with the affidavit of Chad P. Youngblood, the Notary to the partnership agreement. In his affidavit, Mr. Youngblood verified the authenticity of the partnership agreement, attesting that on July 8, 2011, he personally witnessed Ms. Ard and Ms. Johnson execute the partnership agreement before him. Mr. Youngblood also attested that he confirmed with Ms. Johnson the authenticity of his notarial attestation of the partnership agreement in a telephone conversation with her.

The district court fixed the hearing on the motion for preliminary injunction for November 27, 2018, and ordered, pursuant to La. C.C.P. art. 3609, the matter be heard on the verified pleadings or affidavits.[7] At the conclusion of the hearing, the district court granted Ms. Ard's request for a preliminary injunction against Ms. Johnson, enjoining Ms. Johnson from interfering with Ms. Ard's operational control of GrrlSpot pending trial on the merits, among other things. The preliminary injunction also ordered Ms. Johnson to provide Ms. Ard with certain information pertaining to GrrlSpot, but it did not include an order to furnish security as required by La. C.C.P. art. 3610.[8]

---

[7] La. C.C.P. art. 3609 provides, in part, the following:

> The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.

[8] La. C.C.P. art. 3610 states, in relevant part:

> A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except

The following day, November 28, 2019, Ms. Ard, recognizing that security had not been furnished, filed a motion to amend the preliminary injunction ("motion to amend") to add a provision for her to furnish security. Ms. Ard also filed a separate motion for contempt, complaining that Ms. Johnson had not taken immediate steps to comply with the terms of the preliminary injunction. In turn, Ms. Johnson filed an opposition to the motion to amend, along with a cross-motion to dissolve and/or modify the preliminary injunction ("motion to dissolve"). Ms. Johnson asserted the original preliminary injunction was invalid on its face as it had been issued without a security bond in violation of La. C.C.P. art. 3610.

On December 18, 2018, the district court conducted a hearing on both parties' motions. At the conclusion of the hearing, on December 19, 2018, the district court rendered two separate judgments. In the first judgment, the district court granted Ms. Ard's motion to amend; denied Ms. Ard's motion for contempt; and denied Ms. Johnson's motion to dissolve. In the second judgment, the district court issued an amended preliminary injunction. The amended preliminary injunction ordered the same injunctive relief as contained in the original November 28, 2018 preliminary injunction order. Additionally, the amended preliminary injunction required Ms. Ard to post a $1000.00 security bond and noted that the injunction would not issue until the security was posted.

---

where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained. . . .

7

Ms. Johnson filed, in this court, a supervisory writ application on the judgment granting Ms. Ard's motion to amend and denying her motion to dissolve. In a separate action, Ms. Johnson appealed the judgment issuing the amended preliminary injunction. The supervisory writ was ultimately treated as a motion for appeal and consolidated with the appeal of the amended preliminary injunction.[9] On appeal, Ms. Ard filed a motion to dismiss Ms. Johnson's appeal as untimely, which we will address, *infra*.

## DISCUSSION

Ms. Johnson raises several assignments of error which we have consolidated as following: (1) the district court erred in issuing an amended preliminary injunction as the original preliminary injunction was invalid on its face due to Ms. Ard's failure to furnish security; (2) the district court erred in issuing a mandatory preliminary injunction that changed the status quo without conducting a full trial on the merits or an evidentiary hearing as required by law; and (3) the district court erred in: (a) issuing a preliminary injunction that lacked reasonable detail; (b) failing to fix adequate security; and (c) failing to award attorney's fees arising out of Ms. Johnson's motion to dissolve the preliminary injunction. Before we address

---

[9] On January 2, 2019, Ms. Johnson filed a notice of intent to seek supervisory writ from the judgment granting Ms. Ard's motion to amend and denying Ms. Johnson's motion to dissolve. On January 3, 2019, the district court also granted Ms. Johnson's motion for devolutive appeal from the judgment issuing the amended preliminary injunction. Ms. Johnson timely filed her writ application on January 18, 2019. This Court granted the writ for the sole purpose of remanding this matter to the trial court to treat Ms. Johnson's timely filed notice of intent as a timely filed notice of appeal, reasoning that La. C.C.P. art. 3612(B) permits an appeal to be taken as a matter of right from an order or judgment relating to a preliminary motion. *See Jenna S. Ard v. GrrlSpot, LLC and Christine E. Johnson*, 2019-0065 (La. App. 4 Cir. 1/24/19). On February 25, 2019, the district court granted a devolutive appeal from the judgment granting the motion to amend and denying the motion to dissolve. This Court granted Ms. Johnson's motion to consolidate the appeals on April 25, 2019.

the merits of these errors, we will first consider Ms. Ard's motion to dismiss appeal.

### Motion to Dismiss Appeal

Ms. Ard argues Ms. Johnson's appeal should be dismissed as untimely due to Ms. Johnson's failure to timely appeal the original preliminary injunction dated November 27, 2018, within fifteen days from the date of judgment as required by La. C.C.P. art. 3612.[10] Ms. Ard contends that delays for an appeal from a preliminary injunction are not suspended or interrupted by subsequent judgments relating to the underlying preliminary injunction. In support, Ms. Ard relies on *Bayou Hunting Club v. Desoto Parish Jury*, 569 So.2d 252 (La. App. 2nd Cir. 1990). We find the facts in the case *sub judice* distinguishable from the facts presented in *Bayou Hunting Club*.

In *Bayou Hunting Club*, the plaintiffs sought preliminary injunctions to enjoin the DeSoto Parish Police Jury from blocking their access to two roadways. On October 24, 1989, the district court granted the preliminary injunction as to roadway one and denied it as to roadway two. A writ of injunction was issued the same day regarding roadway one and served on the police jury on October 27, 1989. On November 6, 1989, the district court signed a "Judgment on Application for Preliminary Injunction" regarding roadway one submitted by both parties. The judgment fixed security, expanded the scope of the preliminary injunction and re-urged that injunctive relief had been denied as to roadway two on October 24, 1989. In response to the plaintiffs' request, the district court provided written

---

[10] La. C.C.P. art. 3612(C) provides, in part, that "[a]n appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment."

9

reasons for judgment on November 7, 1989. On November 17, 1989, the plaintiffs moved for and were granted an appeal from that part of the November 6, 1989 judgment which had denied the injunction as to roadway two. On appeal, the Second Circuit dismissed the appeal as untimely because the appeal had not been brought within fifteen days from the October 24, 1989 judgment. The plaintiffs argued that appeal delays should run from the November 6, 1989 judgment which fixed security because the October 24, 1989 preliminary injunction judgment was invalid for its failure to fix security at the time of the preliminary injunction's issuance. In rejecting that argument, the Second Circuit reasoned that any possible deficiencies in the October 24, 1989 judgment which granted the injunction as to roadway one and denied the injunction as to roadway two—a judgment which was not appealed—did not impact the time delays to appeal the denial of the injunction as to roadway two. *Id.*, at 254. The Second Circuit also opined that the November 6, 1989 judgment merely confirmed the written October 24, 1989 judgment. *Id.*, at 255.

Ms. Ard argues, akin to *Bayou Hunting Club*, that the district court's amendment of the original preliminary injunction on December 19, 2018, to permit the posting of security did not start anew the time delays for Ms. Johnson to appeal the original preliminary injunction signed on. We disagree.

Our review of the record herein shows the proposed amended preliminary injunction was an amendment to the original preliminary injunction that is the subject of the appeal. We also note that it was Ms. Ard who moved to amend, recognizing the original preliminary injunction did not comply with the formalities required by La. C.C.P. art. 3610. A preliminary injunction granting injunctive relief may only issue after a bond is posted, unless a bond is not statutorily

10

required.  *Yokum v. Nicholas S. Karno, Inc.*, 2010-0357, p. 3 (La. App. 4 Cir. 8/26/10), 47 So.3d 1014, 1016.    Here, after the district court granted the motion to amend, the amended preliminary injunction specifically ordered that, "pursuant to La. Code Civ. Pro. Art. 3610, this preliminary injunction shall not issue unless Jenna S. Ard furnishes security in the amount of $1,000.00."    Hence, notwithstanding that the injunctive relief granted in the original preliminary injunction was the same as that granted in the amended preliminary injunction, the original preliminary injunction did not effectively issue on November 27, 2019. Rather, the injunction issued on December 19, 2018, the date Ms. Ard posted security.[11]

"An appeal from an order or judgment relating to a preliminary injunction must be taken, and bond furnished, within fifteen days from the date of the order of judgment."  *Id.*, 2010-0357, p. 2, 47 So.3d at 1016 (citation omitted).  Therefore, Ms. Johnson's appeal, taken on January 2, 2019, was timely filed within fifteen days of the issuance of the December 19, 2018 amended preliminary injunction. Accordingly, Ms. Ard's motion to dismiss appeal is denied.  We now review Ms. Johnson's assigned errors.

***Motion to Amend Preliminary Injunction***

---

[11] The district court acknowledged that the November 27, 2018 injunction was not properly issued.  In granting the  motion to amend and denying the motion for contempt, the district court reasoned:

> In accordance with that article [La. C.C.P. art. 3610], the Court's November 27, 2018 order was not properly issued.  As the preliminary injunction failed to address security, the injunction was insufficient as to form.  Due to the Court's failure to set an amount for security for Ms. Ard, the court amends the preliminary injunction and sets security in the amount of $1,000.00.  And as the preliminary injunction was insufficient as the form, the Court will not hold Ms. Johnson in contempt at this time.  However, I am not dissolving or modifying the rest of the injunction.

11

Ms. Johnson argues, in her first assigned error, that the district court lacked authority to amend a preliminary injunction issued without security by fixing security after judgment on the preliminary judgment had been rendered. Ms. Johnson contends an injunction must first issue before it can be amended; and in this instance, she argues the original preliminary injunction was necessarily void at its inception because no security was furnished.

Ms. Johnson relies on *Cochran v. Crosby*, 411 So.2d 654, 655 (La. App. 4 Cir. 1982) in support of her argument. In *Cochran*, this Court, citing La. C.C.P. art. 3610, determined that a preliminary injunction issued without a bond was invalid and vacated the injunction. *Cochran* recognized that the Second Circuit, in a case where the district court had failed to furnish security,[12] reached a different result. The Second Circuit chose to remand to the district court with directions for security to be furnished, rather than vacate the injunction. Notwithstanding, *Cochran* opined that "this court has consistently held that the better approach is to vacate the injunction," citing the provisions of La. C.C.P. art. 3610, which require security for an injunction to issue. *Id.*

This Court's position on the validity of injunctions issued without security, however, has evolved since *Cochran*. Although this Court acknowledges, *infra*, that a preliminary injunction requires security unless a statutory exception exists, we no longer mandate that a preliminary injunction issued without security can never be validated. In *Liberty Bank and Trust Co. v. Dapremont*, 2000-2146, p. 8 (La. App. 4 Cir. 12/12/01), 803 So.2d 387, 391-92, this Court held that the district court erred in granting an injunction without requiring the defendants to post

---

[12] *See Jackson v. Town of Logansport*, 322 So.2d 281 (La. App. 2 Cir. 1975).

security. However, instead of vacating the preliminary injunction, the matter was remanded to the district court to fix the amount of the bond. The *Liberty Bank* court reasoned that it was faced with two alternatives—"to remand the case to the trial court with directions that security be furnished or reverse the judgment that granted the preliminary injunction." *Id*. (citations omitted). Reasoning that the "posting of bond would best serve the interests of justice and efficient administration," we remanded the matter to the district court to fix the amount of the bond. *Id.* A similar result was also reached in *Yokum v. Van Calsem*, 2005-0797, (La. App. 4 Cir. 6/21/06), 935 So.2d 736. In *Van Caslem*, this Court again found the district court had erred when it failed to require security before granting the preliminary injunction. *Id.*, 2005-0797, p. 6, 935 So.2d at 739-40. Upon determining that the underlying facts justified the issuance of the preliminary injunction, the *Van Caslem* Court amended the judgment on appeal to require that security be posted. *Id.*[13]

Based on the jurisprudence discussed *supra,* this Circuit provides two options in the event an injunction is issued without security—the injunction may be vacated or the district court may be ordered to fix security, dependent upon the facts offered in support of the injunction. Without ruling on the merits of this case, we conclude the district court acted within its jurisprudential authority to grant Ms. Ard's motion to amend and in conjunction therewith, issue the amended preliminary injunction, and deny Ms. Johnson's motion to dissolve. This assignment of error lacks merit.

---

[13] *Van Caslem*, 2005-0797, p. 6, 935 So.2d at 740, distinguished its findings from the results reached in *Licfro, Inc. v. State, Dept. of Revenue, Office of Alcohol and Tobacco Control*, 2003-0737 (La. App. 4 Cir. 10/1/03), 859 So.2d 739. *Licfro* declined to follow *Liberty Bank* and vacated the preliminary injunction issued by the district court where the facts did not support the granting of the preliminary injunction and the injunction was issued without a bond. *See Licfro*, 2003-0737, pp. 5-6, 859 So.2d at 743.

We next review the alleged deficiencies in the preliminary injunction.

***Preliminary Injunction***

A preliminary injunction is an interlocutory procedural device designed to preserve the existing status quo between the parties, pending trial on the main demand. *See Desire Narcotics Rehab. Inc. v. State Dep't of Health & Hosps.*, 2007-0390, p. 4 (La. App. 4 Cir. 10/17/07), 970 So.2d 17, 20. To obtain a preliminary injunction, the mover must establish by *prima facie* evidence that: (1) it will suffer irreparable injury, loss, or damage if the motion is not granted; and (2) it is entitled to the relief on a showing that it will likely prevail on the merits. *Easterling v. Estate of Miller*, 2014-1354, p. 10 (La. App. 4 Cir. 12/23/15), 184 So.3d 222, 228 (citations omitted).

This Court explained the standard of review to determine if a preliminary injunction was properly granted or denied in *Yokum v. Pat O'Brien's Bar, Inc.*, 2012-0217, pp. 6-7 (La. App. 4 Cir. 8/15/12), 99 So.3d 74, 80, as follows:

> "A trial court has broad discretion in the granting or denial of a preliminary injunction, and will not be disturbed on review absent clear abuse of that discretion." *Cajun Elec. Power Co-op., Inc. v. Triton Coal Co.,* [19]91–1816, 590 So.2d 813, 816 (La. App. 4th Cir.1991); *Smith v. West Virginia Oil & Gas Co.,* 373 So.2d 488, 493 (La.1979). That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion. *See South East Auto Dealers Rental Ass'n, Inc. v. EZ Rent To Own, Inc.,* [20]07–0599, pp. 4–5 (La. App. 4 Cir. 2/27/08), 980 So.2d 89, 93.

However, the standard of proof required to meet the elements for a preliminary injunction differs, contingent upon whether the preliminary injunction sought is a prohibitory injunction or a mandatory injunction. *See Denta-Max v. Maxicare Louisiana, Inc.*, 1995-2128, p. 3 (La. App. 4 Cir. 3/14/96), 671 So.2d 995, 997. A mandatory injunction is one which orders the doing of something.

*Denta-Max*, 1995-2128, p. 2, 671 So.2d at 997. On the other hand, a prohibitory injunction seeks to restrain conduct. *Yokum*, 2012-0217, p. 9, 99 So.3d at 81 (citation omitted). As this Court explained in *Meredith v. I Am Music, LLC*, 2018-0659, pp. 5-6 (La. App. 4 Cir. 2/13/19), 265 So.3d 1143, 1146:

> "[A] prohibitory injunction, which simply preserves the status quo until a full trial on the merits, may be issued on a *prima facie* showing by the party seeking the injunction." [*Denta-Max*, 1995-2128, p. 3, 671 So.2d at 997]. A mandatory injunction, however, has the same basic effect as a permanent injunction, and may not be issued on merely a *prima facie* showing that the party seeking the injunction can prove the necessary elements. *Id.* "Instead, the party seeking a mandatory injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. *Id.* (citing *Bollinger Mach. Shop & Shipyard, Inc. v. U.S. Marine, Inc.*, 595 So.2d 756, 759 (La. App. 4th Cir. 1992)).

In her second assigned error, Ms. Johnson asserts the preliminary injunction issued is invalid as it not only constituted a mandatory injunction, but also changed the status quo, requiring a full trial or evidentiary hearing. Ms. Johnson argues that she always had operational control of GrrlSpot. The record supports that Ms. Johnson denied the existence of a partnership in her answer to the Petition and disputed the authenticity of the partnership agreement in her opposition to Ms. Ard's requests for injunctive relief. At the hearing on the preliminary injunction, Ms. Johnson cited to, among other evidence: (1) the Petition in which Ms. Ard acknowledges GrrlSpot as a single member limited liability corporation and references oral, rather than written, partnership agreements; and (2) the consent judgment, which provided, in part, that "Christine Johnson *can continue to operate* GRRLSPOT, LLC, including all use of the website and social media. (Emphasis added.)

The district court, after oral argument of counsel, issued the following amended preliminary injunction in pertinent part:

15

1. Christine Johnson is prohibited, restrained, and enjoined from interfering with Jenna Ard's operational control of their business partnership, GrrlSpot, until this matter can be heard at a trial on the merits or further order of this Court;

2. Christine Johnson is prohibited, restrained, and enjoined from interfering with Jenna Ard's access to any of GrrlSpot's assets (including both tangible assets such as bank accounts and other financial records and intangible assets such as social media and online accounts[)]; and

3. Christine Johnson is prohibited, restrained, and enjoined from disposing any of the assets, whether tangible and/or intangible, without agreement of Jenna Ard.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Christine Johnson is to immediately provide Jenna Ard with all login information for all GrrlSpot associated online accounts including but not limited to those with the following: Google Apps, Verizon, Facebook, Instagram, Twitter, GoDaddy, and WordPress (A Small Orange).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Christine Johnson is to immediately provide Jenna Ard with the login information and all records of account for all GrrlSpot associated bank accounts, including but not limited to those held at Gulf Coast Bank and Trust, Chase Bank, and Capital One.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Christine Johnson is to within thirty (30) days providing[sic] to Jenna Ard and [sic] accounting on a monthly basis for the time period from 2011 to 2018 of the revenues and expenses during each month along with the details for all income and each expense, along with supporting documentation for all revenues and expenses. . . .

Ms. Johnson complains the preliminary injunction granted permanent injunctive relief in determining a partnership agreement existed and created a new status quo when the district court ordered that Ms. Ard be given operational control of GrrlSpot and GrrlSpot's accounts. We find this assignment of error has merit.

In *Hyman v. Puckett*, 2015-0930 (La. App. 4 Cir. 5/14/16), 193 So.3d 1184, this Court considered whether relief granted by a preliminary injunction issued by the district court constituted a mandatory injunction. In *Hyman*, property owners

16

sought a preliminary injunction prohibiting their neighbors from interfering with construction of a fence along a disputed strip of land and a permanent injunction requiring the neighbors to remove a portion of a fence that allegedly encroached on the property owners' property. The district court heard the request for the preliminary injunction based solely upon verified pleadings, affidavits, and memoranda. The preliminary injunction issued by the district court declared the property owners were the owners of the disputed strip, ordered the neighbors to remove a portion of their rear fence that extended onto the property owners' property, and enjoined the neighbors from interfering with the property owners' construction of a fence along the disputed boundary between the properties. On appeal, the *Hyman* Court found the district court's issuance of a preliminary injunction was improper because the injunction contained prohibitory, as well as mandatory orders, i.e., requiring the neighbors to remove the "dog-leg" portion of their fence. Given that mandatory and prohibitory injunctions have different procedural rules and evidentiary burdens, the court reasoned, as a matter of law, it is not possible to issue a mandatory preliminary injunction. *Hyman*, 2015-0930, p. 8, 193 So.3d at 1189. Further, the *Hyman* Court noted that a comparative review of the relief requested by the property owner showed the district court adjudicated all the material issues in the property owner's petition without a full evidentiary hearing. Upon finding that the district court was required to vet the underlying facts of the principal dispute, including ownership of the disputed strip, at a full trial on the merits and the district court failed to do so, the *Hyman Court* held the district court erred in granting a permanent, mandatory preliminary injunction absent a full evidentiary hearing. *Hyman*, 2015-0939, pp. 8-9, 1190. We find the facts of this case merit a similar outcome.

Ms. Ard's motion for preliminary injunction prayed that Ms. Johnson be enjoined from interfering with Ms. Ard's operational control of GrrlSpot and from exerting any operational control of GrrlSpot. Ms. Ard, at the hearing, re-urged her desire to have Ms. Johnson prohibited from interfering with the operational control of the business, insisting, "[s]o what we are asking for is to, *instead of having the one particular partner be allowed to operate it, let's switch it over*. Let's try the other one. We can't do any worse. . . . And so in our motion we ask for the order along the lines that I outline. . . ." (Emphasis added.) Upon review, the district court's orders for Ms. Johnson not to interfere with Ms. Ard's operational control of GrrlSpot, not to interfere with Ms. Ard's access to any of GrrlSpot's assets, and not to dispose of any of GrrlSpot assets *without the agreement of Jenna Ard*, although framed in the negative, constituted a command for Ms. Johnson to "do something"—give Ms. Ard exclusive access and control of GrrlSpot. Also, inherent in the district court's order for Ms. Ard to have operational control is a finding that a partnership existed between Ms. Ard and Ms. Johnson, one of the principal issues in dispute raised in the main demand.[14] The district court granted the injunction based on verified pleadings and affidavits, in particular, the affidavit of the Notary Public who attested that a written partnership agreement existed between Ms. Ard and Ms. Johnson—*prima facie* evidence sufficient to obtain a prohibitory injunction—however, this was insufficient evidence to grant mandatory or permanent injunctive relief. As referenced in *Hyman*, *supra*, and *Meredith*, 2018-0659, p. 6, 265 So.3d at 1146 (citation omitted), the party seeking a mandatory injunction must prove by a preponderance of the evidence at an

---

[14] Ms. Ard's Petition, requested in part, "[a] judgment declaring that Jenna Ard and Christine Johnson have operated and continue to operate partnership doing business as "GrrlSpot. . ."

18

evidentiary hearing, "with live evidence and stipulations of fact by the parties," the party's right to a mandatory injunction.

Therefore, as the requisite evidentiary hearing was not provided, we vacate the amended preliminary injunction. Having determined that the amended preliminary injunction issued herein was a mandatory permanent injunction that requires the matter to be remanded to the district court for a full evidentiary hearing, we pretermit discussion of Ms. Johnson's other remaining assignments of error.

### CONCLUSION

Based on the foregoing reasons, we affirm the district court's December 19, 2018 judgment granting Ms. Ard's motion to amend and denying Ms. Johnson's motion to dissolve. As to the district court's December 19, 2018 judgment issuing the amended preliminary injunction, we hereby vacate the amended preliminary injunction and remand for a full evidentiary hearing consistent with this opinion. Further, we deny Ms. Ard's motion to dismiss.

**JUDGMENTS AFFIRMED IN PART; VACATED IN PART AND REMANDED; MOTION TO DISMISS APPEAL DENIED.**